326 So.2d 48 (1976)
Linda WATSON, Appellant,
v.
Bob WATSON and Interstate Fire Insurance Company, Appellees.
No. 75-823.
District Court of Appeal of Florida, Second District.
January 28, 1976.
Thomas D. Casper, Yado, Keel, Nelson & Casper, Tampa, for appellant.
Richard Henry Maney, Law Office of Billy R. Barr, Tampa, for appellee Interstate Fire Ins. Co.
GRIMES, Judge.
This case involves the question of whether a certain accident arose "out of the ownership, maintenance or use" of an automobile so as to fall within the scope of liability coverage provided by Interstate Fire Insurance Company.
The facts are simple and tragic. Bob Watson was involved in an automobile accident on April 18, 1971, in Polk County. His son, John Watson, passed by the scene and stopped to help his father. In doing so, John began to remove his father's personal possessions from the car, so it could be taken to a garage for repairs. As John removed a pistol from beneath the car seat, it discharged and killed him. The pistol was loaded and unguarded by any safety mechanism.
John Watson's wife filed a wrongful death action against her father-in-law and his automobile liability carrier. A default judgment for $10,000 was entered against Bob Watson. Interstate defended on the basis that it did not furnish insurance coverage for the accident stated in the amended complaint. The lower court entered a final summary judgment for Interstate.
The liability coverage of the policy is: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.
*49 Thus, in order for liability coverage to exist, the incident must arise out of the ownership, maintenance or use of the car. The term "arising out of" has been interpreted to mean "originating from", "growing out of", or "flowing from." St. Paul Fire & Marine Insurance Company v. Thomas, Fla.App.4th, 1973, 273 So.2d 117. This does not require a showing of proximate cause between the accident and the use of the car, but there must be a causal connection or relation between the two for liability to exist. St. Paul Fire & Marine Insurance Company v. Thomas, supra.
The appellant asserts that the causal link between the use of the vehicle and the death of John Watson was the accident in which Bob Watson was involved. The car had to be removed for repairs. In order to do so, Bob's personal belongings had to be removed from the car, and the act of removing the pistol resulted in John's death. We do not agree that this is sufficient to establish a causal relation between the death of John Watson and the use of the car.
Here, the car was merely the physical situs of the accidental discharge of the pistol. This could have occurred anywhere the pistol was located. The fact that the fatal event occurred at or near the car was fortuitous. There was no causal connection between it and the use of the auto. The death of John Watson occurred through the use of a pistol, not the use of a car. Thus, there is no coverage under Interstate's policy.
Valdes v. Smalley, Fla.App.3d, 1974, 303 So.2d 342, is distinguishable because in that case the movement of the car played a part in causing the injury. The case of National Indemnity Co. v. Corbo, Fla.App.3d, 1971, 248 So.2d 238, is more difficult to reconcile. There, automobile liability coverage was held to exist when a passenger in an automobile was bitten by a watchdog being carried to a place of business when the owner had made a stop at a drugstore en route and left the passenger alone in the car with the dog. Suffice it to say, the opinion in that case laid great emphasis on the fact that the primary purpose of the trip was to transport the dog, whereas it could hardly be said that Bob Watson had been using his car for the primary purpose of carrying the loaded pistol. Courts in several other states have held as we do with respect to similar insurance policy language where an automobile has been the situs of an accident involving a firearm. Norgaard v. Nodak Mutual Insurance Company, N.D. 1972, 201 N.W.2d 871; Azar v. Employers Casualty Company, 1972, 178 Colo. 58, 495 P.2d 554; United States Fidelity & Guaranty Company v. Western Fire Insurance Company, Ky. App. 1970, 450 S.W.2d 491; Brenner v. Aetna Insurance Company, 1968, 8 Ariz. App. 272, 445 P.2d 474; Mason v. Celina Mutual Insurance Company, 1967, 161 Colo. 442, 423 P.2d 24.
Affirmed.
BOARDMAN, Acting C.J., and SCHEB, J., concur.