341 So.2d 975 (1976)
NATIONAL BEN FRANKLIN INSURANCE COMPANY, Petitioner,
v.
Miguel VALDES, Sr., As Father of Miguel Valdes, Jr., Deceased, and Samuel S. Smith, As Administrator of the Estate of Miguel Valdes, Jr., Deceased, Respondents.
Peter SMALLEY, a Minor, by and through His Father, Next Friend and Natural Guardian, H. Earl Smalley, and H. Earl Smalley, Individually, Petitioners,
v.
Miguel VALDES, Sr., As Father of Miguel Valdes, Jr., Deceased, and Samuel S. Smith, As Administrator of the Estate of Miguel Valdes, Jr., Deceased, Respondents.
RESERVE INSURANCE COMPANY, Petitioner,
v.
Miguel VALDES, Sr., As Father of Miguel Valdes, Jr., Deceased, and Samuel S. Smith, As Administrator of the Estate of Miguel Valdes, Jr., Deceased, Respondents.
MILLERS CASUALTY COMPANY OF TEXAS, Petitioner,
v.
Miguel VALDES, Sr., As Father of Miguel Valdes, Jr., Deceased, and Samuel S. Smith, As Administrator of the Estate of Miguel Valdes, Jr., Deceased, Respondents.
Nos. 46734-46737.
Supreme Court of Florida.
November 18, 1976.
Rehearings Denied February 21, 1977.
A. Dan Killian, Jr. and Tully Scott of Corlett, Merritt, Killian & Sikes, Miami, for National Ben Franklin Ins. Co.
Arnold I. Levy of Papy, Levy, Carruthers & Poole, Coral Gables, for Peter Smalley.
L. Norton Preddy, Charles B. Patrick and Michael J. Parenti, III, of Preddy, Haddad, Kutner, Hardy & Josephs, Miami, for Reserve Insurance Co.
Jonathon P. Lynn of Stephens, Thornton & Schwartz, Miami, for Millers Casualty Co. of Texas.
Joe N. Unger, and Wolfson, Diamond & Logan, Miami Beach, for respondents.
OVERTON, Chief Justice.
These causes are before us on petitions for writs of certiorari to review a decision of the Third District Court of Appeal reported *976 at 303 So.2d 342 (Fla. 3d DCA 1974). The issue relates to a provision of insurance coverage by auto liability carriers and driver liability in an unusual factual situation.
The facts presented at summary judgment hearings are not disputed. On the evening of April 26, 1969, Peter Smalley, a minor, was driving his father's car. Steven Spradley, another minor, was the only passenger in the vehicle. The police halted a parking lot altercation with other teenagers in which Smalley and Spradley were participating. Thereafter, the two drove to an agreed-upon rendezvous for a continuation of the incident. In the face of overwhelming odds and lack of expected reinforcements, the two withdrew in the car. On a second pass through the park, however, they began receiving a heavy pelting with rocks. They drove through a group of stone-throwing youths at about forty miles per hour in an attempt to escape the barrage. Just prior to passing through the group, Steven Spradley, the passenger, threw a glass beer mug into the crowd. The mug struck the decedent, Miguel Valdes, Jr., in the head, and he died five days later. Peter Smalley, the driver, testified he was ducking from the rocks when the mug was thrown, and he was ignorant of it until later. Spradley testified his purpose was to clear the way for the car. He said he did not know the decedent, Miguel Valdes, Jr., and testified that he was aiming only generally at the crowd to clear the way for the automobile.
Petitioner National Ben Franklin Insurance Company is the automobile liability carrier of H. Earl Smalley, owner of the vehicle driven by Peter Smalley. Petitioner Reserve Insurance Company is the excess coverage carrier for H. Earl Smalley. Petitioner Millers Casualty Company is the automobile liability carrier for the father of the passenger, Steven Spradley. As stated, petitioner Peter Smalley was the minor driver of the vehicle involved in the incident.
The cases were consolidated by the trial court, which granted summary final judgments in favor of these defendants. The issue concerned whether the decedent's death "arose out of the ownership, maintenance, and use of the owned automobile."
The Third District Court of Appeal reversed the trial court, holding that the death was causally connected with the use of the automobile and insurance liability might arise for three reasons: (1) that the clauses in the insurance policies must be liberally construed, if ambiguous, in favor of the insureds, since their function was to extend coverage; (2) that the boys undeniably acted in harmony, which tended to bring in automobile use, since one was driving while the other threw the mug; and (3) that the velocity of the car added forty miles per hour to the velocity of the mug, greatly enhancing its lethality.
Petitioners argue this holding conflicts with National Indemnity Co. v. Corbo, 248 So.2d 238 (Fla. 3d DCA 1971); O'Dwyer v. Manchester Insurance Company, 303 So.2d 347 (Fla. 3d DCA 1974), and St. Paul Fire & Marine Insurance Company v. Thomas, 273 So.2d 117 (Fla. 4th DCA 1973). We disagree. National Indemnity Co. v. Corbo, supra, decided that an automobile liability insurance carrier was liable under the "arising out of the use" language in its insurance contract to pay damages occasioned by the bite of a German Shepherd watchdog being transported in the motor vehicle. Whatever may be said of Corbo, the holding of coverage under a virtually identical contract provision cannot be said to conflict with the holding of coverage in the instant case.
The facts and circumstances of O'Dwyer, supra, and St. Paul Fire & Marine Insurance Company v. Thomas, supra, are so dissimilar that conflict with the instant case is impossible. O'Dwyer, supra, held that a child's nighttime collision with a bolt protruding from an accessory rack on a van on the insured's premises did not "arise out of the use of the vehicle." The vehicle was parked and unoccupied. In St. Paul Fire & Marine Insurance Company v. Thomas, supra, the court construed a homeowners policy rather than an automobile liability insurance policy.
*977 We conclude there is no decisional conflict, and the petitions for certiorari are discharged accordingly.
It is so ordered.
BOYD, ENGLAND and HATCHETT, JJ., concur.
SUNDBERG, J., dissents with an opinion, with which ROBERTS and ADKINS, JJ., concur.
SUNDBERG, Justice (dissenting).
I respectfully dissent from the majority's determination that there is no decisional conflict in this case. The majority dispenses with St. Paul Fire and Marine Insurance Company v. Thomas, 273 So.2d 117 (Fla. 4th DCA 1973), with the terse statement that "the court construed a homeowner's policy rather than automobile liability insurance policy." Although appearing as a coverage exclusion in a homeowner's policy the language in the Thomas policy is virtually identical to the language of the policies in the instant cases. The Third District Court of Appeal in the instant cases construed "arising out of the ownership, maintenance, or use of the owned automobile, or any non-owned automobile" precisely contrary to the construction given essentially the same policy language by the court in Thomas. For our purposes here I do not deem the distinction between a homeowner's policy and an automobile liability insurance policy to be a meaningful difference.
ROBERTS and ADKINS, JJ., concur.