KEHOE, Judge
(dissenting).
I would reverse the summary judgment entered in favor of Allstate and would remand with directions to enter summary judgment in favor of the appellant on the question of coverage. I am persuaded that the appellant’s injuries did arise out of the ownership, maintenance or use of the insured automobile and that there is coverage in this instance under the facts presented to us.
Allstate initiated this action for a declaratory judgment requesting a determination that the appellant’s injuries were not covered under an uninsured/underinsured policy issued by it to the appellant. The undisputed facts reveal that the appellant was injured when the automobile in which she was riding as a passenger was struck in the windshield by a large rock. The rock was thrown by an unidentified person while the automobile was traveling through an area allegedly known for its high crime rate. Although the automobile and its driver were insured under a liability policy with coverage limits of $15,000/30,000 per person/per occurrence, the appellant filed a $100,000 uninsured/underinsured motorist claim with her own insurer, Allstate. She contended that the driver of the vehicle in which she was injured was an underinsured motorist who was negligent in driving through a high crime area at night where an incident of this nature was likely to occur. She maintained that Allstate was obliged to pay her damages under the uninsured motorist portion of the policy that it issued to her. Allstate refused to arbitrate the appellant’s claim as required by the policy but instead commenced this declaratory action.
To summarize, the pertinent portions of the uninsured motorist policy issued by Allstate to the appellant required Allstate to pay its insured all sums which the insured was entitled to recover as damages from *46 the owner or operator of an uninsured automobile because of bodily injury sustained by the insured and caused by an accident “arising out of the ownership, maintenance or use of such uninsured automobile.” The policy defines an uninsured automobile as an underinsured automobile in circumstances such as those alleged here.
In my opinion, the appellant’s injuries did arise out of the use of the subject automobile. The cited decisions in the majority opinion are distinguishable and should not preclude the appellant from proceeding with her arbitration claim. The negligence of the driver, if any, allegedly occurred when the appellant was knowingly driven into a high crime area where injuries of this sort were likely to happen. This negligence, if proved, was an integral part of the use of the automobile and not merely incidental to its use. The cases relied upon in the majority opinion held generally that the injuries received did not arise out of the maintenance or operation of the vehicle where it was merely the physical situs of the injury, or its use was incidental to the injury.
I agree that for there to be coverage there must be a causal connection between the use of the automobile and the resulting bodily injury to the claimant.[1] I disagree however with the conclusion that no such connection was shown to exist here.
The automobile in which the appellant was riding at the time of her injury was more than the mere physical situs of the incident. Nor was its use simply incidental to the resulting injury. It was used to transport the appellant through the alleged dangerous area. Had the vehicle been motionless at the time of the rock’s impact, it is likely that the appellant would not have been injured, or would have suffered considerably less severe injuries. Without the automobile, the appellant would not have been in the location or the position to receive her injury. I therefore conclude that there was a direct causal link between the use of the automobile and the appellant’s subsequent injury.[2]
In my view, the factual circumstances sub judice are more in accord with those found in Valdes v. Smalley, 303 So.2d 342 (Fla. 3d DCA 1974), cert. discharged, 341 So.2d 975 (Fla.1977); and National Indemnity Co. v. Corbo, 248 So.2d 238 (Fla. 3d DCA 1971), than the facts found in those cases cited by the majority.
Although I would reverse the summary judgment entered below, I do not mean to imply that the appellant has established a valid cause of action against the driver for negligence, an essential prerequisite to recovery under the policy. This is a question for the arbitration panel to determine. I would simply hold that under the undisputed facts presented, the court below should have declared that uninsured motorist coverage was available to the appellant.

. A cogent analysis of the causality issue was made by then Chief Judge Alderman in General Accident Fire & Life Assurance Corp. v. Appleton, 355 So.2d 1261 (Fla. 4th DCA 1978). Also see the collected cases at Annot. 89 A.L.R.2d 150 (1963).

. Cf. Aetna Casualty & Surety Co. v. Goldman, - So.2d - (Fla. 3d DCA 1979), where another panel of this court, speaking through Judge Pearson, recently held that the injuries sustained by the insured as a result of the explosion of a bomb placed on the insured’s automobile did not arise out of the use of the uninsured motorist’s vehicle when the only-connection between the two vehicles was that the uninsured automobile was used to transport the bomb to the place where the crime occurred.
I am in agreement that there was no coverage in that case. However, the uninsured automobile sub judice was more than simply transportation to the scene of the injury; its use contributed to the nature and extent of the injury received. Under these circumstances, the Goldman case is not authority for affirmance.