391 So.2d 216 (1980)
FLORIDA FARM BUREAU INSURANCE COMPANY, Appellant,
v.
Kenneth SHAFFER, a Minor, by and through His Mother and Next Friend, Carol Newton and Carol Newton, Individually, Appellees.
No. 79-2586.
District Court of Appeal of Florida, Fourth District.
October 8, 1980.
Rehearing Denied January 8, 1981.
Bernard F. Grall, Jr. of Grall & Herzog, P.A., Vero Beach, for appellant.
Montgomery, Lytal, Reiter, Denney & Searcy, P.A., and Edna L. Caruso, West Palm Beach, for appellees.
ANSTEAD, Judge.
This is an appeal by Florida Farm Bureau Insurance Company from a final summary judgment finding that its automobile liability insurance policy afforded coverage to its insured, Paul Long, who is alleged to have shot and injured the appellee, Kenneth Shaffer. We have jurisdiction. See State Farm Mutual Automobile Insurance Company v. American Hardware Mutual Insurance Company, 345 So.2d 726 (Fla. 1977).
The facts are not in dispute. On or about November 21, 1977, the plaintiff, Kenneth Shaffer, was picked up at his home by an employee of the Fort Pierce News Tribune. Together with some other young boys, Shaffer was to be driven to a location where the boys would solicit newspaper subscriptions. While en route, the boys began throwing tangerines out of the car window at signs along the roadway. When one of the tangerines, thrown by the plaintiff Shaffer, was tossed in the general direction of an approaching vehicle driven by Richard English, the English car turned around and began chasing the Shaffer car. *217 The defendant Paul Long, a passenger in the English car, pulled out a gun and fired a shot. In an attempt to get away, the driver of the Shaffer vehicle turned into a street and tried to turn around. In so doing he drove the car off the roadway and became stuck. At this point the defendant Long fired three shots out of the window of the English car, the third one striking and injuring the plaintiff Shaffer. Shaffer sued Long and Farm Bureau.
Long owned an automobile insured by a policy with Farm Bureau which afforded liability coverage to Long for bodily injury sustained as a result of the "use of any auto." Farm Bureau contends that the injury sustained by Shaffer did not result from the use of the automobile in which Long was a passenger.
The mere fact that a vehicle is the site of an injury or incident is insufficient to create a causal connection between the use of the vehicle and the injury so as to bring the injury within the policy coverage. Stonewall Insurance Company v. Wolfe, 372 So.2d 1147 (Fla. 4th DCA 1979); Hutchins v. Mills, 363 So.2d 818 (Fla. 1st DCA 1978); Feltner v. Hartford Accident and Indemnity Company, 336 So.2d 142 (Fla. 2d DCA 1976); Watson v. Watson, 326 So.2d 48 (Fla. 2d DCA 1976).
In General Accident Fire and Life Assurance Corporation, Ltd. v. Appleton, 355 So.2d 1261 (Fla. 4th DCA 1978), the insured, a female hitchhiker, was attacked and robbed by three men while she was riding in the automobile which picked her up. This court held that there was an insufficient causal connection between the use of the vehicle and the bodily injury sustained by the insured to allow recovery under her uninsured motorist policy. We held that the use of the automobile was simply incidental to the resulting injury and that the automobile served as no more than the physical situs of the attack. In so holding an attempt was made to define the type of causal relationship required in order to sustain coverage:
We recognize that bodily injury resulting from a criminal assault, under the terms of an uninsured motorist policy, may be caused by accident and arise "out of the ownership, maintenance or use of an uninsured automobile," as was the case in Leatherby. However, the risks of bodily injury from a criminal assault are not normally contemplated by the parties to an automobile liability insurance policy. For there to be coverage there must be a causal connection between the use of the automobile and the bodily injury resulting from the criminal assault. This may be established by showing that the automobile itself was used to inflict the bodily injury, as in Leatherby, or that the automobile was used in some manner that contributed or added to the bodily injury, as in Valdes. Considering the facts in this case, we conclude that Appleton failed to show a sufficient causal connection between the uninsured automobile which was the situs of the criminal assault and the bodily injury that he suffered as a result of the assault.[1]
A case on virtually all fours is Nationwide Mutual Insurance Company v. Knight, 34 N.C. App. 96, 237 S.E.2d 341 (1977). Based upon a similar shooting incident, the North Carolina court concluded that an injury caused by gunshots fired from the insured's moving vehicle did not constitute an accident arising out of the ownership, maintenance, or use of an automobile. The court also rejected the contention of the injured party that a causal relationship was established simply by a showing that "but for" the use of the automobile the accident would not have happened. A similar result was reached in the case of Vanguard Insurance Company v. Cantrell, 18 Ariz. App. 486, 503 P.2d 962 (1972).
Shaffer principally relies upon two decisions from the Third District. Both cases were discussed and distinguished in Appleton, supra, and for the same reasons we find those cases not controlling here:

*218 Two cases from the Third District have been considered in formulating our conclusion. The court in National Indemnity Co. v. Corbo, 248 So.2d 238 (Fla. 3d DCA 1971), decided that an automobile liability insurance carrier was obligated to provide a defense to its insured when a passenger in the insureds' automobile was bitten by insureds' guard dog while the dog was being transported in the automobile from the insureds' home to their place of business. The automobile in that case was more than just the physical situs of the dog bite; it was being used for the specific purpose of transporting the dog. The causal connection between the dog bite and the use of the car is apparent. An analogous situation would exist if the insureds were using their automobile to transport explosives or other dangerous substances and someone was injured. In the other case, Valdes v. Smalley, 303 So.2d 342 (Fla. 3d DCA 1974), cert. denied, 341 So.2d 975 (Fla. 1977), the court found that the wrongful death of a pedestrian, struck by a beer mug thrown by a passenger in a moving automobile, arose out of the use of the insured's automobile. There, the automobile from which the mug was thrown was being driven at a high rate of speed which no doubt greatly contributed to the velocity of the mug. In both Corbo and Valdes there was a factual basis for the court to find a causal connection or relation between the injury and the use of the automobile. Appleton, supra at 1263.
In Appleton, the vehicle was used to pick up the victim and was the site of the attack. Here, the vehicle was used to transport the assailant to the victim and was the site from where the gun was fired.
But, just as was true of the victim in Appleton, Shaffer's injury did not result from any incident of use of the vehicle. The fact that the tortfeasor was occupying the car at the time of the shooting was no more than incidental and did not make the injury one resulting from the use of the vehicle. To hold such a relationship alone sufficient to constitute a causal connection would logically lead to absurd consequences, such as allowing recovery under an automobile liability policy when a vehicle is simply used as the means of transporting an assailant to the location where an assault is committed. The injury was not caused by the automobile but by the gunshot. From the standpoint of causation, the injury could have occurred in the woods, in a house or anywhere else. As we stated in Appleton, supra, a criminal assault is not the usual risk anticipated under an automobile policy and for coverage to apply there must be a showing that the automobile itself was used in some manner to cause or produce the injury.
In conclusion we hold that the fact that an automobile was used to transport the assailant to the scene and the fact that the gun which produced the injury was thereafter fired from such automobile do not constitute sufficient circumstances to establish a causal relationship between the use of the automobile and the injury for purposes of invoking the automobile liability insurance coverage of the assailant.
Accordingly, this cause is reversed with directions that judgment be entered for the appellant.
LETTS, C.J., and MOORE, J., concur.
NOTES
[1] The cases cited in this quote are Leatherby Insurance Co. v. Willoughby, 315 So.2d 553 (Fla. 2d DCA 1975) and Valdes v. Smalley, 303 So.2d 342 (Fla.3d DCA 1974), cert. denied, 341 So.2d 975 (Fla. 1977).