421 So.2d 59 (1982)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Defendant, Appellant,
v.
Gerald F. BATCHELDER and Doris E. Batchelder, Defendants, Appellees.
No. AL-446.
District Court of Appeal of Florida, First District.
November 3, 1982.
*60 H. Franklin Perritt, Jr. and Gerald W. Weedon, of Marks, Gray, Conroy & Gibbs, Jacksonville, for defendant, appellant.
James T. Terrell, of Brown, Terrell & Hogan, P.A., Jacksonville, for appellees/plaintiffs; Fred M. Abbott, Jacksonville, for defendants, appellees.
WIGGINTON, Judge.
Government Employees Insurance Company (GEICO) appeals from the non-final order of the trial court declaring the Batchelders, defendants in the tort action below, to be covered by a policy of automobile insurance issued them by GEICO, and entitled to be defended by GEICO. We have jurisdiction. Rule 9.130(a)(3)-(C)(iv), Fla.R. App.P. (1982).
The issue raised by GEICO is whether the trial court erred in finding that the injury arose out of the "ownership, maintenance or use of an automobile," thereby bringing it within the policy coverage. We affirm, as the circumstances satisfy the three-prong test set forth in National Merchandise, Inc. v. United Service Automobile Association, 400 So.2d 526 (Fla. 1st DCA 1981).
On October 10, 1980, the plaintiff below suffered a serious eye injury while a passenger in a pickup truck owned by the Batchelders. The injury occurred when a beer bottle exploded, sending fragments of glass throughout the cab of the truck. The driver at the time was the Batchelders' son.
From depositions taken prior to the declaratory judgment, it was revealed that approximately six weeks before the accident, the Batchelders' daughter left two bottles of beer under the seat of the truck. The bottles remained under the seat while the truck was driven on a regular basis to and from work by Mrs. Batchelder. While at work, the truck was parked in an uncovered parking area.
The day before the accident, Mrs. Batchelder drove the truck to work as usual. During the trip, one of the bottles rolled out and hit her on the foot. She put the bottle on the seat where it remained the entire day.
The following day, Mrs. Batchelder again noticed the bottle on the seat, but failed to dispose of it. Instead, she placed it back under the seat, later stating that the bottle was the same one that had been in the truck for the past six weeks.
*61 That night the Batchelders' son and the plaintiff drove the truck to a football game. En route, the plaintiff noticed the bottles rolling out from beneath the seat and was forced to put them back under the seat on at least one occasion. Before arriving at the game, the boys were stopped by a police officer for a traffic violation. As the truck came to a stop, the bottles again rolled out, but when the plaintiff attempted to secure them, one of the bottles exploded, causing the injury to his eye.
Suit was filed against the Batchelders and GEICO. GEICO subsequently denied coverage under the policy and filed a cross claim and declaratory action alleging that there was no coverage and no duty to defend. The trial court found coverage for the accident did exist, plus a concomitant duty to defend. This appeal followed.
GEICO argues that the truck was merely the physical situs of the accident, and the injury therefore did not arise out of the ownership, maintenance or use of the automobile.[1] GEICO claims the injury clearly did not arise from the "ownership" or the "maintenance" of the vehicle, as those terms have been defined;[2] but more specifically, it argues the injury did not arise from the "use" of the vehicle, as "use" is determined under the National Merchandise test.
For an injury to fall within the "use" coverage of a policy, we said in National Merchandise:
"(1) The accident must have arisen out of the inherent nature of the automobile, as such;
"(2) The accident must have arisen within the natural territorial limits of an automobile, and the actual use ... must not have terminated;
"(3) The automobile must not merely contribute to cause the condition which produces the injury, but must itself produce the injury ... (citation omitted)"
400 So.2d at 532. Under the circumstances of the instant case, the first prong has been satisfied. The "inherent use" of a vehicle includes its use to transport or store items, either commercial or personal in nature.[3] Therefore, the trial court did not err in finding that "the transportation of unopened bottles of beer in the Batchelders' vehicle ... was within the scope and inherent nature of the vehicle as used by different members of the family for personal [albeit not primary] use."
The second prong of the test requires that the accident occur within the territorial limits of the vehicle and that the use not have terminated. Here, as in National Merchandise, the accident obviously occurred within the vehicle, and the transportation had not been completed, but merely suspended.
Finally, the third prong requires a causal connection or relation between the use of the vehicle and the accident. This prong requires something far short of proximate cause and has been defined as "some connection" or a "nexus" between the two. Padron v. Long Island Insurance Company, 356 So.2d 1337 (Fla. 3d DCA 1978); Auto-Owners Insurance Company v. Pridgen, 339 So.2d 1164 (Fla. 2d DCA 1976). Contrary to *62 GEICO's position, the truck was more than the mere "physical situs" of the accident. The heat generated in the interior of the truck when parked in the sun for long hours over a six-week period, in conjunction with the movement of the truck, doubtless directly contributed to the explosive nature of the beer bottle. The explosion of the bottle was not a "remote or mere `intervening event bearing no substantial or direct relation to the use of the vehicle.'" National Merchandise, at 532; Valdes v. Smalley, 303 So.2d 342, 345 (Fla. 3d DCA 1974), petition for cert. discharged, 341 So.2d 975 (Fla. 1976).
The facts having satisfied the three-pronged test in National Merchandise, the trial court did not err in declaring liability coverage under the policy for the injury alleged in the complaint, and a duty on the part of GEICO to defend its insureds, the Batchelders. The declaratory judgment is therefore AFFIRMED.
MILLS and ERVIN, JJ., concur.
NOTES
[1] Under Section I of the policy of automobile insurance issued to the Batchelders, GEICO would pay damages the Batchelders would become legally obligated to pay because of "bodily injury, ... arising out of the ownership, maintenance or use" of the owned automobile.
[2] Liability arising out of "ownership" generally occurs by the vicarious liability of the owner for any permissive user or for liability which arises out of the title to the automobile. Couch on Insurance 2d, Meaning of Ownership § 45.62. "Maintenance" liability covers injuries arising from the act of repairing the covered automobile. Id., § 45.63; Auto-Owners Insurance Company v. Pridgen, 339 So.2d 1164 (Fla. 2d DCA 1976). We do not reach GEICO's argument concerning ownership and maintenance because we hold the injury arose from the use of the truck.
[3] Although National Merchandise clearly involved a commercial use of the vehicle, our holding was not so narrowly predicated on the "primary" use of the vehicle, but on a use practically and conceivably related to an automobile. Thus, it contemplates both personal and commercial uses of a vehicle.