455 So.2d 617 (1984)
ALLSTATE INSURANCE COMPANY, a foreign corporation, Appellant,
v.
Robert GILLESPIE, John J. Stewart, Jr., M.D., and Independent Fire Insurance Company, a Foreign Corporation, Appellees. and
Robert GILLESPIE, Cross-Appellant,
v.
John J. STEWART, Jr., M.D., Cross-Appellee.
No. 83-1642.
District Court of Appeal of Florida, Second District.
September 12, 1984.
*618 C. Wade Yeakle, III, P.A., St. Petersburg, for appellant.
J.L. "Skip" Miller, St. Petersburg, for appellee/cross-appellant Gillespie.
James E. Deakyne, Jr. and Robert F. Nunez, St. Petersburg, for appellee/cross-appellee Stewart.
Kenneth C. Deacon, Jr. of Harris, Barrett & Dew, St. Petersburg, for appellee Independent Fire Ins. Co.
*619 RYDER, Chief Judge.
In the recent case of Government Employees Insurance Co. v. Novak, 453 So.2d 1116 (Fla. 1984), our supreme court addressed the question of an automobile insurer's liability for injuries "arising out of the ownership, maintenance, or use of a motor vehicle." Novak held that when a driver was attacked and shot while sitting in a car by a person to whom she refused entry, she was entitled to personal injury protection benefits under the insurance policy covering the automobile. The court found a sufficient causal connection between the use of the automobile and the driver's injuries. We are today confronted with yet another factual variation of a claim for injuries allegedly arising from the use of an automobile.
Although the parties disputed what happened, there is substantial evidence in the record to support the trial judge's findings that the testimony of appellee, John J. Stewart, Jr., and of an uninterested witness, Ronald Collmeyer, was credible and that the testimony of appellee/cross-appellant Robert Gillespie, was not credible. Strawgate v. Turner, 339 So.2d 1112 (Fla. 1976). Stewart testified that he was in his automobile stopped at a red traffic light when Gillespie approached him on foot and began assaulting him. Gillespie testified that although Stewart had cut off his vehicle in traffic, when he initially approached Stewart's vehicle he was merely offering aid to Stewart whom he thought to be a disabled motorist. However, Mr. Collmeyer testified he observed the acts of the parties and overheard their voices during the Gillespie-Stewart confrontation. Mr. Collmeyer related that Gillespie was shouting at Stewart calling him a "son-of-a-bitch" and other "names." Gillespie, according to Collmeyer, ordered Stewart to get out of the car and fight like a man. During this time, Gillespie attempted to hit Stewart through an open door window. Collmeyer further testified that Stewart also attempted to drive his car through the traffic light but was blocked by cross traffic. Stewart then moved over in the seat to avoid Gillespie and raised the window. Thereafter, Gillespie further attempted to strike Stewart taking advantage of an open sun roof. Stewart was unsuccessfully attempting to repel the attack when he took a revolver from the car's glove compartment and, during a struggle over the gun, fired it several times, injuring Gillespie. Stewart testified that he fired the gun to frighten Gillespie rather than harm him.
Gillespie sued Stewart for damages stemming from his injuries. In a separate action, now before this court, Allstate Insurance Company, Stewart's automobile liability insurer, asked the court to declare whether its policy provided coverage in connection with the incident. The policy covered "claims for accidents arising out of the ownership, maintenance or use, loading or unloading" of the insured automobile. The policy also promised to defend the insured if sued.
After a nonjury trial, the trial judge ruled that the use of Stewart's automobile was inexorably tied to the incident at issue, that Stewart was covered under Allstate's policy, and that he was entitled to a defense by Allstate. Allstate appeals from that ruling.
Allstate argues, relying on Florida Farm Bureau Insurance Co. v. Shaffer, 391 So.2d 216 (Fla. 4th DCA 1980), petition for review denied, 402 So.2d 613 (Fla. 1981), that the incident did not arise out of the use of Stewart's automobile, therefore, Stewart is not covered under the policy. It is well established that for the insurance coverage to apply it is not necessary that the use of automobile proximately cause the injury but rather that there be a nexus between the automobile and the injury. Novak; Government Employees Insurance Co. v. Batchelder, 421 So.2d 59 (Fla. 1st DCA 1982); Auto-Owners Insurance Co. v. Pridgen, 339 So.2d 1164 (Fla. 2d DCA 1976). The inquiry should be whether the attack arose out of, or flowed from, the use of the vehicle. Novak (quoting Novak v. Government Employees Insurance Co., 424 So.2d 178, 180 (Fla. 4th DCA 1983)).
*620 Being mindful of the rule that the phrase "arising out of the use of a motor vehicle" should be liberally construed to effect broad coverage, Novak; Valdes v. Smalley, 303 So.2d 342 (Fla. 3d DCA 1974), cert. dismissed, 341 So.2d 975 (Fla. 1976), we agree with the trial judge that the incident was, indeed, inexorably tied to Stewart's use of his automobile. Gillespie became enraged because of the manner in which Stewart drove his car, which precipitated and led to Gillespie's attack on Stewart. Surely, this is certainly sufficient nexus between the car and the injury.
Although the Fourth District's decision in Shaffer gives us pause, Shaffer relied on foreign law, Nationwide Mutual Insurance Co. v. Knight, 34 N.C. App. 96, 237 S.E.2d 341 (1977), while we are guided by our supreme court's teachings in Novak. We also note that the Shaffer court denied coverage when the insured was the aggressor. In the case sub judice, however, as in Novak, the insured was the non-aggressor and victim of an attack.
As to Allstate's second point on appeal, we find substantial evidence in the record to support the trial court's ruling. As to Allstate's third point on appeal, the issue of whether Allstate is liable for any punitive damages which may be awarded to Gillespie is not properly before this court at this time. There has been no final resolution of Gillespie's action against Stewart and no award of any damages.
Gillespie cross-appeals, claiming that the trial court's judgment is void as to him because the cause was not at issue under Florida Rule of Civil Procedure 1.440(a) at the time of trial. We find no merit in this point. Although Gillespie's motion to dismiss Allstate's complaint was unresolved at the time of trial, Gillespie was served with two motions to set the case for trial and two orders setting the trial dates. Gillespie never objected to the motions nor sought relief from the orders. Gillespie also failed to appear either in person or through counsel at trial. In addition, he never sought a hearing on his motion to dismiss. A litigant may not sit on his hands, fail to voice his objections, and then claim prejudice when a final judgment is entered which may adversely affect him. Furthermore, he may not raise his objections for the first time on appeal. Procedural irregularities to which no objection is made are waived. Liberty Mutual Insurance Co. v. Dilenge, 312 So.2d 251 (Fla. 3d DCA 1975); Marsh v. Sarasota County, 97 So.2d 312 (Fla. 2d DCA 1957), cert. denied, 101 So.2d 816 (Fla. 1958).
In summary, we affirm in all respects the lower court's judgment, holding that there is competent, substantial evidence in the record and law to support it. We hold that, under these facts, Allstate's policy provides coverage to Stewart and Allstate has the duty to defend Stewart in the action brought by Gillespie and any other actions stemming from the incident in question. We also hold that Gillespie's cross-appeal is without merit.
AFFIRMED.
DANAHY and CAMPBELL, JJ., concur.