501 So.2d 715 (1987)
Daniel Alphonse FLEMING and Allstate Insurance Company, Appellants,
v.
Catherine A. HILL, Personal Representative of the Estate of Thomas James Dunn, Jr.; American States Insurance Company; and Government Employees Insurance Company, Appellees.
Nos. 86-237, 86-263.
District Court of Appeal of Florida, Fifth District.
January 29, 1987.
*716 Marybeth McDonald of Cooper, Rissman & Weisberg, P.A., Orlando, for appellant Daniel Alphonse Fleming.
Francis J. Carroll, Jr., of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Daytona Beach, for appellant Allstate Ins. Co.
Clifford D. Edelston of Gurney & Handley, P.A., Orlando, for appellee Government Employees Ins. Co.
F. Scott Pendley of Dean, Ringers, Morgan & Lawton, P.A. Orlando, for appellee American States Ins. Co.
No appearance for appellee Catherine A. Hill.
COBB, Judge.
This appeal arises out of a petition for declaratory relief filed by appellee, American States Insurance Company (American States), a cross-claim/counterclaim for declaratory relief filed by Government Employees Insurance Company (GEICO), and a wrongful death action against Daniel Fleming filed by appellee Catherine A. Hill, as personal representative of the Estate of Thomas Dunn. The material facts surrounding the incident and the actions below are not in dispute.
Fleming parked his van at a recreation park in Deltona to watch a baseball game. Dunn, together with three passengers, pulled up in a car behind Fleming's van, obstructing his exit. Fleming approached the other vehicle and requested Dunn to move. Fleming got back into his van and waited. After a short period, Fleming again asked Dunn to move. Dunn moved enough to allow Fleming to back out and pull parallel to Dunn's car. Fleming then took a pistol from his attache case in the van and once more approached Dunn on foot, purportedly to scare him and teach him a lesson. At that point he either accidentally or intentionally discharged the gun, killing Dunn while the latter sat in his own car behind the steering wheel.
A wrongful death action was instituted by Dunn's personal representative against Fleming. This action was subsequently consolidated with the declaratory relief actions filed by American States and GEICO. American States's third amended petition for declaratory relief named Fleming, Hill, GEICO and Allstate. American States issued a manufacturers and contractors insurance policy to Fleming covering his *717 business pursuits as sole proprietor of Highland Sprinklers. GEICO had issued a homeowners policy to Fleming, and Allstate had issued a policy of automobile liability insurance covering the van.
Both GEICO and American States moved for summary judgment based upon their contentions that no coverage was afforded under their respective policies. At the hearing for summary judgment, Allstate, with the consent of the parties, made an ore tenus cross-motion for summary judgment, which it later filed with the court. The trial court granted GEICO's and American States's motions and denied Allstate's motion.
The final judgment entered by the trial court on January 13, 1986, found that the manufacturers and contractors liability policy issued by American States to Fleming did not provide coverage for two reasons: (1) an exclusion therein relating to bodily injury arising out of the operation or use of any automobile by the insured, and (2) Fleming's failure to comply with notice provisions in the policy. The trial court previously had declined to enter summary judgment for American States on the proffered ground that, under the undisputed facts, there was no coverage because Dunn's death did not result from the conduct of Fleming's sprinkler business.
The judgment also exonerated GEICO from coverage under its homeowners policy on several bases: (1) that its homeowners policy excluded coverage for bodily injury arising out of business pursuits of the insured; (2) that it also had an automobile exclusion similar to that of American States; and (3) that Fleming had violated the notice provisions of the policy.
The foregoing judgment has been appealed by Fleming and Allstate. Fleming, however, challenges only the judgment for American States, his business liability carrier. Fleming and Allstate both contend that the trial court erred in entering summary judgment for American States on the basis that Dunn's death arose out of the use of Fleming's motor vehicle. Both the GEICO homeowners policy and the American States business policy exclude coverage for bodily injury arising out of the ownership, maintenance, operation, use, loading or unloading of motor vehicles owned or operated by an insured.
Section 627.737(2), Florida Statutes (1985), provides:
... A plaintiff may recover damages in tort for pain, suffering, mental anguish, and inconvenience because of bodily injury, sickness, or disease arising out of the ownership, maintenance, operation, or use of such motor vehicle... .
GEICO and American States contend the shooting incident herein arose out of the use, etc., of Fleming's van, since the shooting occurred due to Dunn's refusal to move his car so that Fleming could exit the parking lot. As expressed by GEICO in its brief:
In the instant case, the altercation between Fleming and the decedent clearly arose out of the use of each driver's vehicle. One can scarcely imagine that Fleming would have become enraged at decedent if Fleming had been seated in a lawn chair on the park grounds as opposed to operating his vehicle. Clearly, the incident, Dunn's death, and the underlying wrongful death suit would not have arisen but for both Fleming's and Dunn's ownership and use of their respective vehicles at that particular time and place.
The Florida Supreme Court has addressed the meaning of "arising out of" in two recent cases. In Government Employees Ins. Co. v. Novak, 453 So.2d 1116 (Fla. 1984), the insured was in her car when she was approached by a stranger who asked her for a ride. She refused, so the man shot her, pulled her from the car, got in and drove away. The personal representative of the insured's estate sought benefits from her personal injury protection (PIP) carrier, which denied coverage. The trial court granted summary judgment for the insurer on the ground that the injuries to the decedent did not arise from the use of the insured vehicle. The Fourth District reversed, finding a sufficient connection, *718 and the supreme court affirmed. The supreme court noted that while the phrase "arising out of" should be read to effect broad coverage, a nexus between the motor vehicle and the injury is required. Since the obtaining of a ride or the possession of the insured motor vehicle was what motivated the attack in Novak, the court found the nexus test was satisfied.
In Hernandez v. Protective Casualty Ins. Co., 473 So.2d 1241 (Fla. 1985), the court once again addressed the issue of "arising out of." In that case, the insurer denied PIP coverage for injuries suffered by the insured at the hands of the police in the course of his arrest for a traffic violation. The supreme court agreed with this court's proposition in Reynolds v. Allstate Ins. Co., 400 So.2d 496 (Fla. 5th DCA 1981), that "it is not enough that an automobile be the physical situs of an injury or that the injury occur incidentally to the use of an automobile, but that there must be a causal connection or relation between the two for liability to exist." 400 So.2d at 497. The court found such a connection in Hernandez, finding that the car was more than the physical situs of the injury, since it was the insured's use of the vehicle which prompted the action causing his injuries.
This and other courts have followed Reynolds and have held that the mere fact the insured vehicle is the situs of the injury is an insufficient nexus to allow for coverage. See American States Ins. Co. v. Allstate Ins. Co., 484 So.2d 1363 (Fla. 5th DCA 1986) ("arising out of" test not met where passenger exiting from truck in which he was riding bitten by dog in back of truck); Doyle v. State Farm Mutual Automobile Ins. Co., 464 So.2d 1277 (Fla. 3d DCA 1985) (injuries suffered from attack by robber who shot the insured as he exited his vehicle held not to have arisen out of the ownership or use of the automobile); Allstate Ins. Co. v. Famigletti, 459 So.2d 1149 (Fla. 4th DCA 1984) (insureds, who were shot by a neighbor when they passed by in their automobile, did not suffer injuries arising out of the ownership of that automobile); Hutchins v. Mills, 363 So.2d 818 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1368 (Fla. 1979) (accidental shooting of decedent by insured while using the flatbed of his truck as a deer stand held not to arise out of the use of the vehicle); Watson v. Watson, 326 So.2d 48 (Fla. 2d DCA 1976) (death of insured's son who was killed when pistol discharged as he was removing it from the insured's car at the scene of an accident prior to the car's being taken to a garage for repairs held not to have arisen out of the ownership, etc., of a car). But see, Western World Ins. Co. v. Gleaves, 481 So.2d 557 (Fla. 5th DCA 1986) (injury to ambulance attendant arising out of struggle within vehicle for control of key to vehicle seen as arising out of the use of the vehicle); Pena v. Allstate Ins. Co., 463 So.2d 1256 (Fla. 3d DCA), review denied, 476 So.2d 672 (Fla. 1985) (insured taxi driver who suffered injuries in robbery after which assailant ordered insured out of car and drove away seen as suffering injuries arising out of the use of the vehicle, allowing for PIP coverage).
The cases cited above deal with situations where the insured, while in a covered vehicle, was the victim of an injury. However, the instant case involves a situation where the insured is the aggressor and the injuries occurred to another in a different vehicle not owned or operated by the insured. To allow for the exclusion in the policies to apply here, Dunn's death must be seen as arising out of the use of Fleming's van, not Dunn's vehicle, where the injury occurred.
The insured was the assailant in Florida Farm Bureau Ins. Co. v. Shaffer, 391 So.2d 216 (Fla. 4th DCA 1980), review denied, 402 So.2d 613 (Fla. 1981). In Shaffer, the plaintiff, Shaffer, a young boy, while riding in a car with other boys, threw a tangerine in the general direction of an approaching vehicle driven by one Richard English. English then turned his car around and began chasing the Shaffer car. A passenger in the English car, one Paul Long, pulled out a gun and fired a shot. Ultimately, the Shaffer vehicle drove off the roadway and became stuck. Long then *719 fired three shots out of the window of the English car, the third one striking and injuring plaintiff Shaffer. Shaffer sued Long and Farm Bureau Insurance, which insured a different automobile owned by Long, but provided liability coverage for bodily injury sustained as a result of the use of any auto. Farm Bureau denied coverage, contending that the injury suffered by Shaffer did not result from the use of the automobile in which Long was a passenger. The Fourth District agreed, stating:
The fact that the tortfeasor was occupying the car at the time of the shooting was no more than incidental and did not make the injury one resulting from the use of the vehicle. To hold such a relationship alone sufficient to constitute a causal connection would logically lead to absurd consequences, such as allowing recovery under an automobile liability policy when a vehicle is simply used as the means of transporting an assailant to the location where an assault is committed. The injury was not caused by the automobile but by the gunshot. From the standpoint of causation, the injury could have occurred in the woods, in a house or anywhere else. As we stated in [General Accident Fire and Life Assurance Corp. Ltd. v.] Appleton, supra [355 So.2d 1261 (Fla. 4th DCA 1978)], a criminal assault is not the usual risk anticipated under an automobile policy, and for coverage to apply there must be a showing that the automobile itself was used in some manner to cause or produce the injury.
391 So.2d at 218.
Shaffer was distinguished in Allstate Ins. Co. v. Gillespie, 455 So.2d 617 (Fla. 2d DCA 1984). In Gillespie, the insured, Stewart, testified that he was in his automobile at a red light when Gillespie approached him on foot and began assaulting him. Gillespie ordered Stewart to get out of the car, and attempted to hit Stewart through an open window. Stewart attempted to drive his car through the traffic light but was blocked by cross traffic. Stewart then moved over in the seat to avoid Gillespie and raised the window. Gillespie then attempted to strike Stewart through an open sunroof. Stewart was unsuccessfully attempting to repel the attack when he took a revolver from the car's glove compartment, and during a struggle over the gun fired it several times, injuring Gillespie. Gillespie sued Stewart for damages stemming from his injuries. In a separate action, Allstate, Stewart's automobile liability insurer, asked the court to declare whether the policy provided coverage in connection with the incident. The trial court ruled that the use of Stewart's automobile was tied to the incident at issue and, therefore, Allstate must provide coverage. The Second District affirmed.
Allstate relied on Shaffer, claiming that the incident did not arise out of the use of Stewart's automobile and, therefore, was not covered. The Second District, after citing the Novak test, held that the inquiry should be whether the attack arose out of, or flowed from the use of the vehicle. The court, in an attempt to effect broad coverage under the policy, agreed with the trial judge that the incident was indeed tied to Stewart's use of the automobile. The court found that Gillespie became enraged because of the manner in which Stewart drove his car, which in turn led to Gillespie's attack on Stewart, a set of facts the court saw as a sufficient nexus between the car and the injury. The Second District distinguished Shaffer, noting that it preceded Novak, and that the Shaffer court denied coverage when the insured was the aggressor, whereas in Gillespie, as in Novak, the insured was the nonaggressor and victim of an attack. See also Halpin v. Hilderbrand, 493 So.2d 75 (Fla. 4th DCA 1986). In Halpin, the insured sought recovery under her policy for injuries suffered when another driver began punching her in the face through her open car window. The Fourth District held that the factual circumstances surrounding Halpin's injuries constituted an action arising out of *720 the use, etc., of a motor vehicle, and thus was covered by the uninsured motorists provision of Halpin's policy, since the attacker was uninsured. The court distinguished Shaffer on the same basis as Gillespie and noted that Novak, decided long after Shaffer, demonstrates Shaffer's inapplicability.
In both Halpin and Gillespie, however, the injuries occurred either to the insured, or were caused by the actions of the insured, at the insured's vehicle. In Gillespie, the injuries came about from the insured's attempt to protect himself from attack, while in Halpin, the injuries to the insured herself were that which was sought to be covered. These cases are distinguishable from Shaffer and from the instant case, wherein the injuries sought to be covered resulted from the actions of the insured at another vehicle. In the instant case, the Novak nexus test has not been met, and the summary judgment on this basis was improper.[1]
Nevertheless, we conclude that the summary judgment entered for American States was correct, even though its two recited bases for that conclusion  that Dunn's death arose out of the use of Fleming's motor vehicle and Fleming's failure to comply with notice provisions of the policy  were erroneous. Clearly, the trial court erred in denying American States's earlier motion for summary judgment in this cause based on the fact that its policy provides coverage only with respect to the conduct of Fleming's sprinkler business. Shooting Dunn, whether intentionally or accidentally, was unrelated to Fleming's sprinkler business. That is beyond reasonable dispute. Hence, the entry of the summary judgment for American States was correct, even though done for the wrong reasons.
In regard to the summary judgment for GEICO, it has not been challenged on appeal by Fleming. Allstate does attempt to challenge that judgment insofar as it was predicated, in part, on a determination that the automobile exclusion in GEICO's policy was applicable. In effect, that was a finding by the trial court that Allstate's policy would provide coverage under the facts of this case. Therefore, Allstate does have an effective interest, hence standing, to raise that issue on appeal. See Holton v. H.J. Wilson Co., Inc., 482 So.2d 341 (Fla. 1986); Greenhut Construction Co. v. Henry A. Knott, Inc., 247 So.2d 517 (Fla. 1st DCA 1971). But Allstate does not have standing to challenge the finding by the trial court that Fleming violated the notice provisions of GEICO's homeowners policy  and, in fact, no such argument is made in Allstate's brief. Therefore, we are confronted with a summary judgment for GEICO which was entered on two incorrect bases (automobile and business exclusions), and also on another basis (improper notice) which is not challenged on appeal by any party. Therefore, the judgment for GEICO must also be affirmed.
For the foregoing reasons, the summary judgments entered for American States and for GEICO on January 13, 1986, are
AFFIRMED.
COWART, J., and DANIEL, C.W., Associate Judge, concur.
NOTES
[1] See also Foss v. Cignarella, 482 A.2d 954, 196 N.J.Super 378 (1984) wherein it was held that an incident did not arise out of the use of an auto where the insured, after an automobile altercation, ran up to the victim's vehicle and stabbed him in the chest. The court found the only connection between the plaintiff's injury and the insured vehicle was that the insured used his car to reach the scene.