515 So.2d 763 (1987)
E.J. ASSOCIATES, INC., Appellant,
v.
The JOHN E. AND ALIESE PRICE FOUNDATION, INC., a Florida Corporation, Appellee.
No. 87-1218.
District Court of Appeal of Florida, Second District.
November 18, 1987.
Marquin S. Rinard of Wade H. Parsons, P.A., Fort Myers, for appellant.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for appellee.
HALL, Judge.
The appellant, E.J. Associates, Inc., contends that the trial court erred by entering a final summary judgment in favor of the appellee, The John E. and Aliese Price Foundation, Inc. We disagree.
The appellee filed an action to foreclose a promissory note secured by a mortgage upon default by the appellant. The appellant filed a motion to dismiss the complaint. The motion was orally denied by the trial court with the provision that the appellant had twenty days from the entry of a written order to file an answer. The written order denying the motion was filed on March 20, 1987. On January 26, 1987, the appellee served its motion for summary judgment on the appellant and noticed the hearing for March 23, 1987. On March 19, 1987, the appellee delivered affidavits in support of the motion for summary judgment to the appellant. The affidavits were filed on March 20, 1987, and on the same day the appellant filed motions to strike the affidavits and for a protective order. The court held the scheduled hearing on the motion for summary judgment on March 23, 1987. The appellant neither appeared at the hearing nor filed a motion for a continuance. At the termination of the hearing the trial court granted the appellee's motion for summary judgment. On March 31, 1987, the trial court entered a final judgment of foreclosure. The appellant did not file a motion for rehearing on the summary judgment and seeks to raise the issues of the timeliness of the affidavits and the prematureness of the summary judgment for the first time on appeal.
The appellant contends that the appellee failed to file the affidavits in support of its motion for summary judgment at least twenty days before the hearing on the motion as required by Rule 1.510(c), Florida Rules of Civil Procedure. The appellant also contends that the trial court erred in considering the affidavits and in hearing the motion for summary judgment prior to *764 the expiration of the twenty-day period in which the appellant had to file an answer.
As this court stated in Allstate v. Gillespie, 455 So.2d 617 (Fla. 2d DCA 1984):
A litigant may not sit on his hands, fail to voice his objections, and then claim prejudice when a final judgment is entered which may adversely affect him. Furthermore, he may not raise his objections for the first time on appeal. Procedural irregularities to which no objection is made are waived. Liberty Mutual Insurance Co. v. Dilenge, 312 So.2d 251 (Fla. 2d DCA 1975), Marsh v. Sarasota County, 97 So.2d 312 (Fla. 2d DCA 1957), cert. denied, 101 So.2d 816 (Fla. 1958).
455 So.2d at 620.
Even though, as the appellant contends, the appellee's affidavits were untimely filed, the appellant failed to pursue any action before the trial court as to the timeliness of the affidavits or the prematureness of the summary judgment. He not only failed to pursue his motion to strike the affidavits but he also failed to appear at the hearing on the summary judgment and contest the correctness of the affidavits. He did not even file a motion for rehearing after the entry of the final judgment of foreclosure. We, therefore, find that he has waived any objection he might have to the procedural irregularities and cannot now raise these issues for the first time on appeal.
We further note that a plaintiff may move for summary judgment at any time after the expiration of twenty days from the commencement of the action under Florida Rule of Civil Procedure 1.510(a). However, if a plaintiff moves for summary judgment before a defendant files an answer, the plaintiff must conclusively show that the defendant cannot plead a genuine issue of material fact. Gutterman-Musicant-Kreitzman v. I.G. Realty, 426 So.2d 1216 (Fla. 4th DCA 1983); Settecasi v. Board of Public Instruction, 156 So.2d 652 (Fla. 2d DCA 1963).
The appellant at no time contested the correctness of the appellee's affidavits, thereby eliminating any genuine issue of material fact. Therefore, the trial court was justified in entering the summary judgment.
Affirmed.
FRANK, A.C.J., and THREADGILL, J., concur.