**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Petitioner,**

v.

**Michael B. BROWN, Respondent.**

**No. 90–1125–CIV–KING.**

United States District Court,
S.D. Florida.

June 12, 1991.

James Clark, Miami, Fla., for petitioner.

Carlos A. Lopez, Jr., Coral Gables, Fla., Zack Hanzman & Ponce, P.A., Miami, Fla., for respondent.

ORDER DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DENYING PETITIONER'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND DENYING RESPONDENT'S MOTION TO STRIKE STATEMENTS

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the Court upon the respondent's motion for summary judgment, the petitioner's cross-motion for summary judgment, and the respondent's motion to strike statements contained in the petitioner's cross-motion.

## I. BACKGROUND

This case arises from State Farm Mutual Automobile Insurance Company's ("State Farm") petition for declaratory judgment, pursuant to 28 U.S.C. § 2201, to ascertain the rights and duties of the parties pertaining to the automobile liability insurance coverage of the respondent, Michael Brown.

On October 23, 1989, Ken Alan Beland, a passenger in Clarence Marcella's automobile, was severely injured when he was struck by a bullet discharged from the respondent's firearm, as the respondent was driving his automobile. On that date, Brown had in full force and effect a policy of automobile liability insurance with the petitioner providing liability coverage of $100,000 for injuries sustained by third parties arising out of the ownership, maintenance, or use of his automobile.

As a result of the injuries he suffered, Beland and his wife brought an action in negligence against the respondent in the Eleventh Judicial Circuit in and for Dade County, Florida. *Beland v. Brown*, Case. No. 89–51539 CA 23. After partial summary judgment was entered in favor of Beland on the issue of liability, the state court jury awarded Beland and his wife over one million dollars in damages.

State Farm petitions the Court to declare that the petitioner need not pay the policy benefits that Brown now demands. In his counter-petition, Brown requests a declaratory judgment that insurance coverage does extend to him in this instance. Brown also demands judgment on the basis of State Farm's alleged breach of contract. Both parties have fully briefed the issues in their motions for summary judgment.

## II. RESPONDENT'S MOTION TO STRIKE

Before addressing the motions for summary judgment, the Court must first dispose of the respondent's motion to strike statements contained in State Farm's cross-motion for summary judgment. In the cross-motion, State Farm buttresses its version of the facts surrounding the shooting incident with a police report and arrest affidavit. The respondent submits that these documents contain inadmissible hearsay and, furthermore, that the affidavit does not comply with Federal Rule of Civil Procedure 56(e), in that the affidavit is not made on personal knowledge.

The Federal Rules of Evidence, however, provide an exception to the hearsay rule for:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... in civil actions ... factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed.R.Ev. 803(8)(C). The Supreme Court has held that "portions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion. As long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 109 S.Ct. 439, 450, 102 L.Ed.2d 445 (1988).

It would appear that the police report and arrest affidavit, by the terms of Rule 803(8)(C) and *Rainey*, fall within the exception. *See also Baker v. Elcona Homes Corp.*, 588 F.2d 551 (6th Cir.1978), *cert. denied*, 441 U.S. 933, 99 S.Ct. 2054, 60 L.Ed.2d 661 (1979). Indeed, nothing is present in this case which would indicate a lack of trustworthiness as to the documents.

The police report was completed the same day as the incident occurred, by Metro Dade Police Officer M. Mullins, after the officer had an opportunity to speak with various witnesses. The arrest affidavit was completed by Metro Dade Police Detective T. McCrary one week after the incident occurred. McCrary was involved in the case from the day the incident occurred, and the affidavit is a result of his investigation, including interviews with various witnesses. Inasmuch as the Court concludes that the documents in question are competent evidence in support of the petitioner's cross-motion for summary judgment, Brown's motion to strike must be denied.

## III. SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment in federal court. The rule provides that "judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *See also*

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The respondent argues summary judgment should be granted in his favor on three grounds: (1) the policy terms and conditions; (2) State Farm's violation of Fla.Stat. § 627.426; and (3) collateral estoppel. The Court, however, only perceives two separate grounds for Brown's motion, as his first and third bases appear to go hand in hand; thus the Court will address the petitioner's two theories in turn.

### *Violation of Fla.Stat. § 627.426*

■ Section 627.426 of the Florida statutes states that an insurer may not deny coverage based on a particular coverage defense unless, within 60 days of the receipt of a summons and complaint naming the insured as a defendant, the insurer retains independent counsel which is mutually agreeable to the parties. Fla.Stat. § 627.426(2)(b)(3). Miles McGrane, III, Esquire, is the counsel who was retained by the petitioner to represent Brown in the negligence action filed against him in state court.

Brown asserts that Mr. McGrane was basically forced upon the petitioner by State Farm, was no more than a tool for State Farm, and was not "independent counsel" under the statute. The respondent states, and presents evidence therefor, that Mr. McGrane repeatedly divulged material to State Farm that was protected by attorney/client privilege and put State Farm's interests ahead of the respondent's during the litigation. The petitioner, on the other hand, states that § 627.426(2) does not even apply to this situation. Even if the section does apply, however, the Court is unable to grant summary judgment on this basis and thereby preclude the assertion of a coverage defense by State Farm.

Whether Mr. McGrane constituted "independent counsel" under the statute appears to be a mixed question of fact and law, that is, a question depending for solution on questions of both fact and law. To answer the question of whether Mr. McGrane was "independent counsel," the Court must

ascertain from the facts if Mr. McGrane met the standard of the statute. Although the respondent presented some effective evidence in an effort to prove that Mr. McGrane did not constitute "independent counsel," the evidence was not so compelling that a reasonable jury could not return a verdict for the petitioner on this issue. *See Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. Indeed, the Court is not satisfied that no genuine issues of material fact exist in this vein. Accordingly, the respondent's motion for summary judgment on this basis must be denied.

### Policy Terms and Conditions & Collateral Estoppel

The respondent also argues that he is entitled to summary judgment, and a judgment as a matter of law, because State Farm is collaterally estopped from litigating the fact that the shooting occurred by accident as a result of Brown's negligence, and the policy's language covers such accidents. The insurance policy in question provides:

■ We will:

1. pay damages which an insured becomes legally liable to pay because of:
    a. bodily injury to others …
    caused by accident resulting from the ownership, maintenance or use of your car …

If the facts surrounding the shooting were not in dispute, the Court would be able to grant one of the party's motions for summary judgment. The Court would be able to apply the relevant law to the facts and make a determination that the policy either covers, or does not cover, the shooting incident involved herein. However, genuine issues of material fact exist, thereby precluding the Court's ability to grant a summary judgment.

The respondent asserts that, while he was following the car which Marcella was driving and in which Beland was a passenger, Brown's gun slid from under his seat. As Brown leaned to pick up the weapon, Marcella's vehicle came to an abrupt stop. In an effort to avoid a collision with Marcella, Brown suddenly swerved and slammed his brakes, causing Brown's hand to bump the car seat and discharging the weapon by accident. The bullet, unfortunately, struck Mr. Beland.

The respondent argues that, given the fact that the shooting was completely accidental in nature, he is entitled to judgment as a matter of law, under *Gov't Employees Ins. Co. v. Novak,* 453 So.2d 1116 (Fla. 1984), *Allstate Ins. Co. v. Gillespie,* 455 So.2d 617 (Fla.2d DCA 1984), and other applicable precedent. However, the petitioner's version of the facts is significantly different: Brown chased Marcella's car, pulled up next to it, and intentionally fired his weapon into the car, intending to hit Marcella. The pleadings and evidence submitted by the parties support both versions of the facts. Obviously, a genuine issue of material fact exists.[1]

■ Brown argues, regardless of the petitioner's version, that the respondent's version was established in the circuit court judge's order granting Beland's motion for partial summary judgment, and the petitioner is estopped from challenging those factual findings. Indeed, Judge W. Thomas Spencer did find that while negligently maintaining his automobile, Brown's gun accidently discharged when his hand bumped the seat. *Beland v. Brown,* Partial Summary Judgment for Plaintiff and against Defendant, at 2. Collateral estoppel would seemingly apply, as Florida courts routinely hold that collateral estoppel is a complete defense to the relitigation of a factual issue and that the determination is binding on an insurance company in subsequent litigation, because an insurance company is in privity with its insured. *See, e.g., Southeastern Fidelity Ins. Co. v. Rice,* 515 So.2d 240 (Fla. 4th DCA 1987). However, where the interests of an insured and insurer are antagonistic towards each other in the initial tort adjudication, the

---

**1.** Depending on what really happened, the use of Brown's automobile may or may not be inexorably tied to the incident, and the incident may or may not be covered by the policy. *See Gillespie,* 455 So.2d at 619–20.

exception to this "privity" doctrine exists. *Ins. Co. of North America v. Whatley*, 558 So.2d 120, 122 (Fla. 5th DCA 1990); *See Vanguard Ins. Co. v. Townsend*, 544 So.2d 1153, 1156–57 (Fla. 5th DCA 1989).

The interests of State Farm and Brown were clearly antagonistic to each other in the initial tort litigation. Brown wanted to show that the shooting was the result of negligent driving, a pure accident. That was Brown's best chance of having State Farm cover his liability. It was in State Farm's interest to show that the shooting was a wilful act, unrelated to Brown's driving of his automobile. Because of these antagonistic interests, privity does not apply between State Farm and Brown, and the petitioner is not collaterally estopped from challenging Judge Spencer's findings of fact. Inasmuch as genuine issues as to material facts litter this case, the Court is constrained from granting summary judgment for either party. Accordingly, it is

ORDERED and ADJUDGED that the respondent's motion for summary judgment be, and the same hereby is, DENIED. It is further

ORDERED and ADJUDGED that the petitioner's cross-motion for summary judgment be, and the same hereby is, DENIED. It is further

ORDERED and ADJUDGED that the respondent's motion to strike be, and the same hereby is, DENIED.

DONE and ORDERED.