336 So.2d 142 (1976)
Bobby D. FELTNER, Appellant,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellee.
No. 75-1657.
District Court of Appeal of Florida, Second District.
August 11, 1976.
John B. Cechman, Goldberg, Rubinstein & Buckley, P.A., Fort Myers, for appellant.
Kempton P. Logan, Henderson, Franklin, Starnes & Holt, Fort Myers, for appellee.
GRIMES, Judge.
This is an appeal from a summary judgment denying a claim under the Personal Injury Protection provisions of a policy issued by Hartford to Bobby D. Feltner.
Feltner and Ernie Pendarvis had been out playing pool. They returned to the Pendarvis home. Apparently outside the hearing of her husband, Pendarvis' wife persuaded Feltner to take their daughter to see the daughter's boyfriend who lived several miles away. Pursuant to Mrs. Pendarvis' request, Feltner carried the girl in the insured automobile to her boyfriend's house. Since her boyfriend was not home, he brought her back to the Pendarvis residence. Upon their return, Feltner stopped his car to permit the girl to get out on the passenger side. At this point, the driver's door was opened by Pendarvis who was holding a piece of pipe in his hand. Pendarvis hit Feltner in the face with the pipe breaking his nose and cheekbones.
The record is not clear why Pendarvis struck Feltner. Feltner argues that he is entitled to the inference that it was because Pendarvis thought that Feltner was seducing his daughter. Giving Feltner the benefit of this and all other reasonable inferences, we still cannot see how the injury was caused by an accident "arising out of the ownership, maintenance or use" of the motor vehicle as required by the policy.
Construing similar language in Watson v. Watson, Fla.App.2d, 1976, 326 So.2d 48, our court held there was no liability coverage when a man was accidently killed by a pistol when he was removing it from his father's automobile following an accident so that the automobile could be taken to the garage for repairs. Just as in Watson, Feltner's car was merely the physical situs of the accident.
We cannot accept the contention that the use of the automobile was an integral part of the events surrounding Feltner's injuries because he had been using it for the purpose *143 of transporting Pendarvis' daughter. The use of the automobile was only incidental to the Pendarvis assault. Such imagined provocation as Pendarvis may have had related to Feltner's association with his daughter. There was an insufficient causal connection between the use of the automobile and the attack on Feltner.
AFFIRMED.
BOARDMAN, Acting C.J., and SCHEB, J., concur.