339 So.2d 1164 (1976)
AUTO-OWNERS INSURANCE COMPANY, Appellant,
v.
Garland H. PRIDGEN, Appellee.
No. 76-312.
District Court of Appeal of Florida, Second District.
December 8, 1976.
Edward E. Fessenden, Jr., of Lane, Massey, Trohn, Clarke, Bertrand & Smith, Lakeland, for appellant.
Marvin B. Woods, Lakeland, and Jonnie M. Hutchinson, Lake Alfred, for appellee.
McNULTY, Chief Judge.
Defendant/appellant Auto-Owners Insurance Company takes this interlocutory appeal from a summary judgment determining liability. We affirm.
Plaintiff/appellee Pridgen owned a 17-foot water-ski boat and had recently acquired a jeep-type motor vehicle to tow it. He had instructed a mechanic at his business premises to check out and wire up the tail light from the jeep to the boat trailer. When he went out to the jeep to drive it home, he noticed that the boat and trailer were up in the air (the bow up and the stern down), and that an electrical wire was still connected from the jeep to the trailer. As he was attempting to disconnect the wire while standing on a small ledge at the rear of the jeep, the boat and trailer tipped forward and came down, sandwiching his hand between the trailer and the backup light of the jeep. He testified that when he saw the boat and trailer descending he managed to get inside the jeep but did not have time to get his hand out of the way. The jeep itself did not move; only the boat and trailer moved.
At the time of the accident, Pridgen had a policy of insurance with Auto-Owners. The policy provided that Auto-Owners would pay in accordance with the Personal Injury Protection (PIP) provisions of the Florida Automobile Reparations Reform Act (the "No-Fault" Insurance Law).[1] Essentially tracking the statute,[2] the policy provisions are as follows:
*1165 "[Personal Injury Protection benefits will be paid] ... as a result of bodily injury, caused by an accident arising out of the ownership, maintenance, or use of a motor vehicle and sustained by:
(1) the named insured or any relative while occupying a motor vehicle or, while a pedestrian, through being struck by a motor vehicle; or
(2) any other person while occupying the insured motor vehicle or, while a pedestrian, through being struck by the insured motor vehicle."
Auto-Owners concedes that the jeep is a defined, covered motor vehicle; that the named insured sustained the complained of injury; and that the insured was "occupying" the motor vehicle since he was standing on it or entering it at the time of the accident. It posits, however, as the narrow issue herein, whether or not the accident arose out of the "ownership, maintenance, or use" of the motor vehicle. It argues that there must be a causal connection between the "ownership, maintenance, or use" of the vehicle and the injury, and it insists that such ownership or use under the facts here had no such connection  that the sole proximate cause of the accident was the unstable equilibrium of the boat and trailer which, independently of any connection with ownership or use of the jeep, intervened directly to cause the injury. We cannot agree.
In these "no-fault" PIP cases, the motor vehicle itself need not always be the source from which emanates the forces leading to the accident. It is enough that there be some nexus between an insured's "ownership, maintenance, or use" of an insured motor vehicle and a source of injury which arises out of such ownership, maintenance or use.[3]
Here, Pridgen was clearly actively engaged in the maintenance of his jeep; and there was certainly a nexus between such maintenance and use and the very object thereof, to wit: the boat and trailer  the instruments causing the injury. The accident thus "arose" out of such maintenance and use so as to impose liability in favor of Pridgen against his "no-fault" insurer.
In view whereof, the partial summary judgment as to liability should be, and the same is hereby, affirmed.
BOARDMAN and SCHEB, JJ., concur.
NOTES
[1] Sec. 627.730, et seq., Fla. Stat.
[2] See § 627.736(4)(d)(1), Fla. Stat.
[3] Cf. Feltner v. Hartford Accident and Indemnity Company, 336 So.2d 142 (Fla.App.2d DCA 1976).