400 So.2d 496 (1981)
Robert REYNOLDS, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 80-271.
District Court of Appeal of Florida, Fifth District.
May 27, 1981.
Rehearing Denied July 7, 1981.
Maher, Overchuck & Langa, Orlando, and Larry Klein, West Palm Beach, for appellant.
Janet R. DeLaura of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Rockledge, for appellee.
COWART, Judge.
This case involves the sufficiency of allegations in a complaint to allege that certain injuries of appellant arose out of the use of his automobile.
Appellant, as insured, sued his insurance company, the appellee, alleging that when he got into his insured automobile an unidentified assailant, lurking in the back seat, struck and injured appellant rendering him unconscious. The complaint further alleges that appellant and his automobile were driven several miles from the place of the assault where appellant was thrown or otherwise ejected from his vehicle causing him further injury. The trial court ruled these allegations were insufficient to allege that appellant suffered bodily injuries arising out of the ownership, maintenance or use of his motor vehicle within the meaning of section 627.736(1), Florida Statutes (1979), relating to the personal injury protection benefits and of section 627.727(1), Florida Statute (1979), relating to uninsured motorist provisions of his automobile insurance policy and dismissed the complaint.
On appeal appellant first contended his vehicle was moving when he was thrown or ejected from it. When appellee pointed out that the complaint does not allege that the vehicle was moving, appellant replied (a) that fact is a proper inference to be drawn, *497 (b) that it made no difference, and (c) that the complaint should not be dismissed with prejudice merely because it left out one word. We cannot agree with appellant. The facts alleged are insufficient without that one word and essential allegations must be alleged not inferred. It is the self-powered and mobile nature of a vehicle that makes it a dangerous instrumentality and is largely the basis for the distinctive law relating to it. The movement of a vehicle makes it capable of being used to inflict injury, Leatherby Insurance Company v. Willoughby, 315 So.2d 553 (Fla.2d DCA 1975), and of adding its velocity to an object thrown from it to cause or contribute to injuries, Valdes v. Smalley, 303 So.2d 342 (Fla.3d DCA 1974), cert. dismissed, 341 So.2d 975 (Fla. 1976), and of causing wind movement to dislodge a passenger, U.S.F.& G. Co. v. Daley, 384 So.2d 1350 (Fla.4th DCA 1980). In the absence of effects caused by its movement or ability to move, and circumstances arising from the necessity that its use requires normal ingress and egress to and from it, Padron v. Long Island Insurance Company, 356 So.2d 1337 (Fla.3d DCA 1978), a vehicle is inherently no different from any other place or object and its existence or use becomes no more than the situs of injuries caused by accidents or intentional acts bearing no causal relationship to its nature as a vehicle, as in Stonewall Insurance Company v. Wolfe, 372 So.2d 1147 (Fla.4th DCA 1979), cert. denied, 385 So.2d 762 (Fla. 1980), General Accident Fire and Life Assurance Corp. Ltd. v. Appleton, 355 So.2d 1261 (Fla.4th DCA), cert. denied, 361 So.2d 830 (Fla. 1978), Feltner v. Hartford Accident and Indemnity Company, 336 So.2d 142 (Fla.2d DCA 1976), and Watson v. Watson, 326 So.2d 48 (Fla.2d DCA 1976).
In Stonewall it is noted that the court in Appleton concluded "that it is not enough that an automobile be the physical situs of an injury or that the injury occur incidentally to the use of an automobile, but that there must be a causal connection or relation between the two for liability to exist." 372 So.2d at 1148. Accordingly, insurance does not cover every incident or accident that happens in a car.
As a plaintiff is entitled to recover if he presents evidence of any set of facts which proves the elemental allegations of his complaint, it is essential that those allegations of his complaint adequately state in terms of ultimate facts a cause of action in law under every set of evidentiary facts that can reasonably and fairly be argued to meet, fulfill and prove the ultimate facts set forth in the complaint. The allegations of this complaint are consistent with proof that appellant's assailant physically heaved him from his parked vehicle, or carefully carried him some distance from the vehicle then violently threw him down, causing injuries, in which circumstances the vehicle would be only a point of departure and neither its use or its nature caused or contributed to appellant's injuries anymore than if he had been "thrown or otherwise ejected" from his home.
We understand that appellant, being unconscious at the time, and his assailant being unknown and unavailable, may be at some disadvantage to know and prove exactly how his injuries did occur, but from the allegations of his last complaint they appear to have resulted from the mean and dangerous nature and action of his assailant and not from that of his own vehicle. The order dismissing the third amended complaint with prejudice for failure to state a cause of action is
AFFIRMED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.