459 So.2d 1149 (1984)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
David Famigletti, Linda Famigletti, His Wife, John Burch, Betty Jane Burch, "John Doe," an Unidentified Person, et al., Appellees.
No. 83-2638.
District Court of Appeal of Florida, Fourth District.
November 28, 1984.
John Donahoe, P.A., Fort Lauderdale and Jeanne Heyward, Miami, for appellant.
Mark R. Boyd of Walsh, Theissen & Boyd, P.A., Fort Lauderdale, for appellees  John and Betty Burch.
GOLDMAN, MURRAY, Associate Judge.
This is an appeal from a summary final judgment in an action to determine coverage under the personal injury protection provisions of an automobile insurance policy. The trial court determined that the Defendants (insureds) were entitled to benefits because they sustained injuries arising out of the ownership, maintenance or use of a motor vehicle. We reverse.
John and Betty Burch, the insureds, seek benefits for damages arising out of an incident which occurred on January 26, 1982.
The Burches and their neighbors, the Famiglettis, had been involved in several violent confrontations since April, 1981. *1150 These incidents included physical assaults and gunfire and resulted in threats being made by the Famiglettis against Mr. and Mrs. Burch.
On January 26, 1982, the Burches left their house together on their way to work. They entered their car, pulled out of the driveway, and proceeded down the street. Suddenly, David Famiglettis stepped out from behind a tree to the edge of the road, machine gun in hand, and began his attempt to massacre his neighbors. The bullets flew, penetrating the car and striking the Burches, who somehow managed to survive.
The Burches made a claim for PIP benefits as a result of the assault, and Allstate sought a declaratory decree that its policy did not provide coverage. Each party moved for summary judgment, and the trial court entered summary final judgment in favor of the Burches and against Allstate, determining that the policy did in fact provide for coverage.
Section 627.736(1), Florida Statutes (1981), requires that automobile insurance policies provide personal injury protection benefits for any "loss sustained ... as a result of bodily injury, sickness, disease or death arising out of the ownership, maintenance or use of a motor vehicle."
In Government Employees Insurance Company v. Novak, 453 So.2d 1116 (Fla. 1984), a divided court interpreted this section to mean that there must be some nexus between the motor vehicle and the injury. The court there found a highly substantial connection between Ms. Novak's use of her auto and the event which resulted in her death. The attack on her was motivated by a desire by the assailant to ride in or obtain possession of her car.
There is no such connection present in this case. Famigletti's attack was not caused by nor did it arise out of the use of the automobile. The automobile was merely the situs of the attack. Reynolds v. Allstate Insurance Company, 400 So.2d 496 (Fla. 5th DCA 1981) (No PIP coverage for assault by intruder lurking in the back seat of the insured's vehicle which was merely the fortuitous scene of the assault). See also Feltner v. Hartford Accident & Indemnity Company, 336 So.2d 142 (Fla. 2d DCA 1976); General Accident Fire & Life, etc., v. Appleton, 361 So.2d 830 (Fla. 4th DCA 1978), cert. denied 361 So.2d 830 (Fla. 1978); Stonewall Insurance Co. v. Wolfe, 372 So.2d 1147 (Fla. 4th DCA 1979), cert. denied 385 So.2d 762 (Fla. 1979); Florida Farm Bureau Insurance Co. v. Shaffer, 391 So.2d 216 (Fla. 4th DCA 1980), petition for review denied 402 So.2d 613 (Fla. 1981).
In the recent case of Protective Casualty Insurance Company v. Hernandez, 450 So.2d 864 (Fla. 3rd D.C.A. 1984), the court reversed a determination that Plaintiff was entitled to PIP benefits. The Plaintiff, who had been apprehended by police officers for a traffic infraction, was forcibly removed from the vehicle, frisked and handcuffed with resulting injuries. The trial judge, there as here, relied on Novak v. Government Employees Insurance Company, 424 So.2d 178 (Fla. 4th DCA 1983). However, the appellate court found that the injuries did not arise out of the ownership, maintenance or use of the motor vehicle, and therefore there was no PIP coverage.
Mr. Famigletti intended to murder the Burches. The mere fact that he chose the site of their automobile for his attempted slaughter does not provide a sufficient nexus between the assault and the use of the car to warrant the imposition of PIP coverage.
Accordingly, the summary final judgment entered in favor of the defendants is reversed, with directions to enter final judgment in favor of the Plaintiff, Allstate Insurance Company.
GLICKSTEIN and HURLEY, JJ., concur.