CAMPBELL, Judge.
Appellant, Allstate Insurance Company, seeks review of the final judgment finding that appellant is obligated to provide personal injury protection benefits under its policy to appellee. We affirm.
The issue on appeal is whether personal injury protection (PIP) benefits under a policy insuring a motor vehicle owner, cover the person insured who is injured while standing outside of a nonowned motor vehicle and attempting to repair a part of that vehicle which is not essential to the motor vehicle’s use as a motor vehicle.
On July 16, 1982, Roy Jackson, appellee, who was insured by appellant, was injured when he attempted to repair a refrigerator in a Southwind motor home owned by Oakley. Oakley’s family and appellee’s family were planning to use the motor home the next day to go camping. While standing beside the motor home, appellee took a wrench and turned a valve on the refrigerator to see if the valve was open or closed. When the valve turned, liquid Freon spewed from the valve into appellee’s right eye causing injuries, the extent of which are not disputed.
It is not disputed that the motor home fits within the definition of “motor vehicle” contained in appellant’s policy.
The trial court found that the incident arose out of the ownership, maintenance, or use of a vehicle as provided under section 627.736, Florida Statutes (1982), and appellant was obligated to provide PIP benefits to its insured. This appeal followed.
Section 627.736(1) requires that insur-anee policies provide PIP benefits for injuries to the insured “arising out of the ownership, maintenance, or use of a motor ve-hide.”
Appellant states that the purpose of the PIP statute is to provide swift and sure recovery for victims of automobile accidents. Appellant urges that the instrumentality causing the injury must be the motor vehicle during its use as a motor vehicle. Appellant argues that the injury which occurred while appellee stood outside the motor vehicle repairing the refrigerator, did not arise from the use or maintenance of the motor vehicle as a motor vehicle and, therefore, the statute does not mandate coverage. We do not agree.
The Florida Supreme Court construed the clause “arising out of the ownership, maintenance, or use of a motor vehicle” in Government Employees Insurance Company v. Novak, 453 So.2d 1116 (Fla.1984). In Novak, the insured was in her car when she was shot in the face following her refusal to give the attacker a ride. The court stated that “arising out of” does not mean “proximately caused by” the use of the motor vehicle, but merely requires a nexus between the motor vehicle and the injury. The court, citing Novak v. Government Employees Insurance Company, 424 So.2d 178 (Fla. 4th DCA 1983), stated that the inquiry “should be whether the attack upon the decedent arose out of, or flowed from, the use of the vehicle.” Id. at 180. The court found there was a sufficient causal connection between the use of the motor vehicle and the insured’s injuries to hold the insurer liable for PIP benefits.
This court recently addressed the same issue in Allstate Insurance Company v. Robert Gillespie, et al., 455 So.2d 617 (Fla. 2d DCA 1984). In that case, the insured’s vehicle was at a traffic light when an individual approached on foot; a brawl began resulting in the pedestrian being shot. The pedestrian sued the insured. The court held' that the insured’s liability policy, which promised to defend the insured if he was sued, covered the incident due to the *540 connection between the use of the car and the injury suffered.
Here, appellee was injured while he was preparing the mobile home for use by his family and himself in the manner contemplated for its use. Based on Novak and Gillespie, we hold that his injuries arose from, or flowed from, the use of the motor vehicle. Therefore, PIP benefits should be extended to appellee.
Accordingly, we affirm the decision of the trial court.
RYDER, C.J., and OTT, J., concur.