473 So.2d 1241 (1985)
Jorge HERNANDEZ, Petitioner,
v.
PROTECTIVE CASUALTY INSURANCE COMPANY, Respondent.
No. 65625.
Supreme Court of Florida.
May 30, 1985.
Rehearing Denied August 30, 1985.
*1242 Stephen Cahen, P.A., Miami, and Joseph C. Segor, Miami, for petitioner.
John W. Wylie of Kimbrell, Hamann, Jennings, Womack, Carlson and Kniskern, Miami, for respondent.
ADKINS, Justice.
This cause is before us on a petition to review the decision of the Third District Court of Appeal reported as Protective Casualty Insurance Co. v. Hernandez, 450 So.2d 864 (Fla. 3d DCA 1984). We have jurisdiction under article V, section 3(b)(3), Florida Constitution, based on direct and express conflict between the decision of the district court and Novak v. Government Employees Insurance Co., 424 So.2d 178 (Fla. 4th DCA 1983), approved 453 So.2d 1116 (Fla. 1984). We quash the decision of the district court.
The petitioner, Jorge Hernandez, brought suit against respondent, Protective Casualty Insurance Co., to recover personal injury protection (P.I.P.) benefits for injuries suffered in the course of his arrest for an alleged traffic violation. In his amended complaint, petitioner alleged that while "driving a motor vehicle he was stopped by the police for an alleged traffic violation and the police used such force in apprehending and arresting [petitioner], that [petitioner] was injured." Respondent admitted the above allegation but denied coverage on the basis that the injury did not arise out of the use, operation or maintenance of a motor vehicle. See § 627.736(1), Fla. Stat. (1983). Cross motions for judgment on the pleadings were filed and the trial court entered judgment for petitioner.
On appeal the district court reversed, holding that tort concepts of causation were applicable in determinations of coverage under section 627.736(1). The court found that petitioner's injury was caused solely by the force exercised by police in effecting his arrest and that it was not foreseeable in the ordinary course of using a motor vehicle that the operator would be so injured. Accordingly, the court held that petitioner's injury did not arise out of the ownership, maintenance or use of a motor vehicle and consequently was not covered under the insurance policy issued by respondent.
The insurance policy issued by respondent is required by statute to provide benefits for bodily injury, sickness, disease or death "arising out of the ownership, maintenance or use of a motor vehicle." § 627.736(1). Subsequent to the district court's decision in this case, we construed the quoted language in Government Employees Insurance Co. v. Novak, 453 So.2d 1116 (Fla. 1984), stating that "`arising out of' does not mean `proximately caused by' but has a much broader meaning. All that is required is some nexus between the motor vehicle and the injury." Id. at 1119 (citations omitted). Therefore, we find the reliance of the district court below on tort principles of `causation' and `foreseeability' to be in error.
The district court was led on its errant path, we believe, by relying on the following language from this Court's opinion in Lumbermens Mutual Casualty Co. v. Castagna, 368 So.2d 348 (Fla. 1979):
While the no-fault law was intended to remedy the concept of fault in automobile negligence cases, we do not think that tort concepts of causation were intended to be entirely abandoned. We think that by inserting the word "caused" in the statute, the legislature *1243 plainly intended that it would be a factor to be considered.
Id. at 350 (quoting Royal Indemnity Co. v. Government Employees Insurance Co., 307 So.2d 458, 460 (Fla. 3d DCA 1975)). Both Lumbermens Mutual and Royal Indemnity dealt, however, with an aspect of the Florida Motor Vehicle No-Fault Law which is not at issue in this case. Section 627.736(4)(d)1, Florida Statutes (1983), requires payment of P.I.P. benefits for
Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occupant of a self-propelled vehicle if the injury is caused by physical contact with a motor vehicle.

(Emphasis added.) Having only the stipulated facts before us in this case, we must infer that petitioner was occupying his vehicle at the time of injury; thus, he is not constrained to show injury "caused by physical contact with a motor vehicle" as would be true if he were not an occupant of a self-propelled motor vehicle. Respondent argues nonetheless that the claimant in Lumbermens Mutual, too, was an "occupant." We note, however, that the claimant in that case occupied a vehicle which was specifically excluded from the definition of "motor vehicle" under the No-Fault Act as then constituted. 368 So.2d at 349.
In Novak, we refused to disapprove of Reynolds v. Allstate Insurance Co., 400 So.2d 496 (Fla. 5th DCA 1981), and distinguished that decision on its facts. Respondent here relies on Reynolds and argues that this case is likewise distinguishable from Novak. We disagree.
We do agree with the proposition reiterated in Reynolds that "it is not enough that an automobile be the physical situs of an injury or that the injury occur incidentally to the use of an automobile, but that there must be a causal connection or relation between the two for liability to exist." Id. at 497 (citation omitted). The automobile here was, however, more than just the physical situs of petitioner's injury. Petitioner was using the vehicle for the purpose of transportation, which use was interrupted by his apprehension by police officers. It was the manner of petitioner's use of his vehicle which prompted the actions causing his injury. While the force exercised by the police may have been the direct cause of injury, under the circumstances of this case it was not such an intervening event so as to break the link between petitioner's use of the vehicle and his resultant injury. We find these facts sufficient to support the requisite nexus between petitioner's use of his automobile and his injury, thereby allowing him to recover P.I.P. benefits.
We find this case distinguishable from analogous assault cases denying P.I.P. coverage, see e.g., Reynolds; General Accident Fire & Life Assurance Corp. v. Appleton, 355 So.2d 1261 (Fla. 4th DCA 1978), cert. denied, 361 So.2d 830 (Fla. 1978); Feltner v. Hartford Accident & Indemnity Co., 336 So.2d 142 (Fla. 2d DCA 1976). In Feltner, for example, the driver of an automobile was injured when he was struck in the head with a piece of pipe by the father of a girl he was bringing home. As in the other decisions cited, the use of the automobile in that case was only incidental to the assault and the driver's resultant injury. Cf. Novak, 453 So.2d at 1119. The provocation for the assault was the relationship between the driver and the young woman and was not in any way connected with the use of the vehicle. We find the situation in the instant case very much different.
We agree with the view that "both ingress and egress from an insured motor vehicle is an integral part of the use of such a motor vehicle and any injuries sustained as a result thereof must be considered as arising out of the use of such vehicle. Such an injury originates from, is incident to, and has some connection with the use of the insured motor vehicle... ." Padron v. Long Island Insurance Co., 356 So.2d 1337, 1339 (Fla. 3d DCA 1978) (citation omitted). The fact that petitioner here was injured while being assisted by the police in exiting his vehicle does not change that result. There remains in this case a *1244 sufficient nexus between petitioner's injury and the use of his automobile to permit recovery.
We emphasize that this opinion is directed solely to the claim before us, and nothing herein should be read as expressing an opinion as to any other rights which the parties may have arising out of this incident.
The decision of the district court is quashed and the cause remanded for proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ALDERMAN and SHAW, JJ., concur.
EHRLICH, J., dissents with an opinion, in which OVERTON and McDONALD, JJ., concur.
EHRLICH, Justice, dissenting.
I dissent for essentially the same reasons expressed in my dissent in Government Employees Insurance Co. v. Novak, 453 So.2d 1116 (Fla. 1984). The situs of the acts of the police is the sole basis for awarding PIP benefits and that fact does not result in the petitioner's injury having arisen out of the ownership, maintenance or use of the automobile.
OVERTON and McDONALD, JJ., concur.