GUNTHER, Judge.
Insured appeals a final judgment granting a motion to dismiss an amended complaint for failure to state a cause of action. Appellant, as insured, sued his insurance company, Horizon Insurance Company, and its subsequent real party in interest, Florida Insurance Guaranty Association (FIGA), to determine coverage under the personal injury protection provisions of his automobile insurance policy. Appellant’s amended complaint alleged that he sustained injuries when he slipped and fell on grease, oil, or other foreign substances while pumping gasoline into his car at a gas station. The insurance company denied coverage and responded with a motion to dismiss. The trial court granted the motion to dismiss and ruled that the allegations of “the Amended Complaint do not bring this action within the ambit of the personal injury protection benefits because there appears no causal connection between the alleged accident and the ‘ownership, maintenance or use’ of the motor vehicle. Section 627.736(1). See also Auto-Owners Insurance Company v. Prigden, 339 So.2d 1164 (Fla. 2d DCA 1976).”
Although we affirm the trial court’s final judgment dismissing the amended complaint, we do so for reasons other than those stated in the final judgment.
Section 627.736(1), Florida Statutes (1983), provides:
(1) REQUIRED BENEFITS. — Every insurance policy complying with the security requirements of s. 627.733 shall provide personal injury protection to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle, subject to the provisions of subsection (2) and paragraph (4)(d), to a limit of $10,000 for loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle as follows: [Emphasis added.]
Section 627.736(4)(d)(l) provides:
(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
1. Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occupant of a self-propelled vehicle if the injury is caused by physical contact with a motor vehicle.
Thus, according to section 627.-736(1), Florida Statutes (1983), an insured is afforded personal injury protection by his insurance policy subject to the provisions of section 627.736(4)(d)(l). Section 627.736(4)(d)(l), establishes two situations from which an insured could possibly recover personal insurance protection benefits. One situation arises when the insured sustains accidental bodily injury while occupying a motor vehicle and the other arises while he is not an occupant of a self-propelled vehicle if the injury is caused by physical contact with a motor vehicle. This occupant/non occupant distinction was made clear by the supreme court in Hernandez v. Protective Casualty Insurance Company, 473 So.2d 1241, 1242-43 (Fla.1985), when it stated that if an insured is occupying a motor vehicle he is not constrained to show injury “caused by physical contact with a motor vehicle” as would be true if he were not an occupant of a self-propelled motor vehicle.
In the instant case, the amended complaint fails to allege sufficient facts to *1333 clearly indicate whether the appellant is seeking coverage for injuries sustained as an occupant of a motor vehicle or for injuries caused by physical contact with a motor vehicle while not an occupant of a self-propelled vehicle.
For a complaint for personal insurance protection benefits to withstand a motion to dismiss for a failure to state a cause of action, the allegations must include that the injury arises out of the ownership, maintenance or use of the motor vehicle and these allegations must demonstrate that there is a “nexus” between the motor vehicle and the injury. Furthermore, the complaint must also contain allegations that reveal which factual situation set forth in section 627.736(4)(d)(l) is applicable to the facts of the complainant’s case. See Hernandez, 473 So.2d at 1242-43; Government Employees Insurance Company v. Novak, 453 So.2d 1116 (Fla.1984).
AFFIRMED.
DELL and STONE, JJ., concur.