PER CURIAM.
This cause is before us on appeal from a summary judgment entered in favor of Atlas Mutual Insurance Company (Atlas) based on the trial court’s determination that there was not a sufficient nexus between the use of the automobile insured by Atlas and Mr. Parker’s injuries so as to warrant the imposition of personal injury protection (PIP) benefits. The undisputed facts concerning the incident giving rise to the claim are that Mr. Parker, a passenger in the automobile owned by his girlfriend, was struck by a rock thrown through the front window of the car by an unknown assailant. At the time of the accident, the vehicle ignition was turned off, the car was located in the Jax Liquor Store parking lot, and Parker and his girlfriend were seated in the car mixing and consuming alcoholic beverages. Mr. Parker brought suit on the insurance policy issued to him by Atlas for injuries arising out of the “ownership, maintenance, or use of a motor vehicle.” § 627.736(1), Fla.Stat.
Having reviewed the record before us and pertinent decisions, we find that the trial court did not err in entering the summary judgment below. Feltner v. Hartford Accident and Indemnity Company, 336 So.2d 142 (Fla. 2d DCA 1976); Hernandez v. Protective Casualty Insurance Company, 473 So.2d 1241, 1243 (Fla.1985); Allstate Insurance Company v. Famiglet-ti, 459 So.2d 1149 (Fla. 4th DCA 1984); see Fleming v. Hill, 501 So.2d 715 (Fla. 5th DCA 1987), and cases cited therein. In the instant case, the automobile was merely the physical situs of the injury that occurred to Mr. Parker, and the injury was not one related or incidental to the use of the vehicle.
Accordingly, the judgment below is affirmed.
BOOTH, C.J., and MILLS, J., concur.
WENTWORTH, J., dissents without written opinion.