# ALLSTATE INSURANCE COMPANY v HARTMAN
## Case No. 87-257
Eleventh Judicial Circuit, Appellate Division, Dade County
May 9, 1988

### APPEARANCES OF COUNSEL

Christopher Lynch, Adams, Hunter, Angones, Adams, Adams & McClure, for appellant.

Jeffrey Wasserman, Litman, Muchnick, Wasserman & Hartman, for appellee.

Before HENDERSON, GERSTEIN, MORENO, JJ.

### OPINION OF THE COURT

MORENO, J.

The undisputed facts show that plaintiff was assaulted while check-

ing the oil level of his car at a convenience store where he had purchased cookies. The assailant fled after searching the plaintiff's pockets. The plaintiff won a summary judgment when the trial court ruled that the injuries arose out of the use or maintenance of the motor vehicle in accordance with the plaintiff's personal injury protection insurance policy. *See* F.S. § 627.736(1). The defendant argued in his motion for summary judgment that while the plaintiff may have been engaged in maintaining his vehicle when the attack occurred, there was no logical casual connection between that maintenance at the convenience store and the personal attack on him.

The issue is whether the plaintiff is entitled to the personal injury protection benefits pursuant to F.S. § 627.736(1) for bodily injury "arising out of the ownership, maintenance or use of a motor vehicle." In order to fall within the purview of the statute there must be some nexus between the motor vehicle and the injury. *Government Employees Ins. Co. v. Novak,* 453 So.2d 1116 (Fla. 1984). The Supreme Court of Florida found such nexus in *Novak,* where the insured was shot in her car for her refusal to give the attacker a ride. Likewise in the cases cited by the plaintiff, *Pena v. Allstate Insurance Co.,* 463 So.2d 1256 (Fla. 3d DCA 1985) and *Hernandez v. Protective Casualty Insurance Co.,* 473 So.2d 1241 (Fla. 1985) involved unquestioned use of the car by the insured.

The plaintiff asserts that the viability of *Reynolds v. Allstate Insurance Co.,* 400 So.2d 496 (Fla. 5th DCA 1981) after *Novak, supra,* is uncertain according to the Third District Court of Appeal's decision in *Pena,supra.* However the Florida Supreme Court decision in *Hernandez, supra,* which followed *Pena* specifically stated

[W]e do agree with the proposition reiterated in *Reynolds* that "it is not enough that an automobile be the physical situs of an injury or that the injury occur incidentally to the use of an automobile, but that there must be a casual connection or relation between the two for liability to exist." Id. at 497 (cit. omitted.) The automobile here was, however, more than just the physical situs of petitioners injury. The petitioner was using the vehicle for the purpose of transportation, which was interrupted by his apprehension by police officers. It was the manner of petitioners use of his vehicle which prompted the actions causing the injury."

473 So.2d at 1243

Other cases have likewise found that the mere fact that the insured vehicle is the situs of the injury or that the plaintiff is in the process of using the vehicle is an insufficient nexus to allow for coverage. *See*

**135**

*American States Insurance Company v. Allstate Insurance Company,* 484 So.2d 1363 (Fla. 5th DCA 1986), *Doyle v. State Farm Mutual Insurance Company,* 464 So.2d 1277 (Fla. 3d DCA 1985); *Allstate Insurance Company v. Famigletti,* 459 So.2d 1149 (Fla. 4th DCA 1984). Wherefore, there being an inadequate casual connection between the injuries sustained as a result of the criminal assault upon the plaintiff and the maintenance of the vehicle, the judgment of the trial court should be reversed and the cause remanded with directions to enter judgment in favor of the defendant.