640 So.2d 234 (1994)
UNDERWRITERS GUARANTEE INSURANCE COMPANY, Appellant,
v.
Stephen THERRIEN, Appellee.
No. 93-1129.
District Court of Appeal of Florida, Fourth District.
August 10, 1994.
*235 Stuart B. Yanofsky of Colodny, Fass & Talenfeld, P.A., Fort Lauderdale, for appellant.
Jared G. Anton, of Anton & Stanish, P.A., Hollywood, for appellee.
FARMER, Judge.
We reverse a declaratory judgment finding coverage in this dog bite case under the victim's motor vehicle personal injury protection [PIP] insurance policy. There was no coverage, we conclude, because the automobile was not used in but was merely the situs of the incident in which the injury occurred.
The insured was a visitor at a friend's house helping his friend to clean his friend's vehicle while the friend made some repairs on his car. While the two were outside the friend's house working on the cars, another vehicle pulled up and someone inside screamed and threw something at the friend that landed at the foot of the insured's car. The insured retrieved the object and approached the car that had just driven up, whereupon someone in that vehicle began striking the insured with a pool cue stick. As the insured tried to pull the cue stick from the offender's hand, he placed one of his own hands on the window ledge of the car from which the assault was being attempted. At that moment a dog inside the back seat of that vehicle was suddenly released from restraint and bit the insured's hand that was resting on the window ledge. It is that bite for which the insured sought PIP coverage.
In Government Employees Insurance Co. v. Novak, 453 So.2d 1116 (Fla. 1984), a woman driver was shot and pulled from the car, after which her assailant fled in her car. She had previously refused the assailant's request for a ride. The court ruled that the phrase "arising out of the ownership, maintenance, or use of a motor vehicle" in section 627.736(1), Florida Statutes (1983), requires a nexus, i.e. a substantial connection, between the use of the vehicle and the injury. Later, in Hernandez v. Protective Casualty Insurance Co., 473 So.2d 1241 (Fla. 1985), the court explained:
"`it is not enough that an automobile be the physical situs of an injury or that the injury occur incidentally to the use of the automobile, but that there must be a causal connection or relation between the two for liability to exist.'"
473 So.2d at 1243 (quoting Reynolds v. Allstate Ins. Co., 400 So.2d 496, 497 (Fla. 5th DCA 1981)). In Hernandez the insured was injured by the police while they were effecting an arrest for speeding. The court approved coverage, saying:
"The automobile here was, however, more than just the physical situs of petitioner's injury. Petitioner was using the vehicle for the purpose of transportation, which use was interrupted by his apprehension by police officers. It was the manner of petitioner's use of his vehicle which prompted the actions causing his injury. While the force exercised by the police may have been the direct cause of injury, under the circumstances of this case it was not such an intervening event so as to break the link between petitioner's use of the vehicle and his resultant injury."
473 So.2d at 1243. The Hernandez court distinguished Feltner v. Hartford Accident & Indemnity Co., 336 So.2d 142 (Fla. 2d DCA 1976), saying:
"In Feltner, for example, the driver of an automobile was injured when he was struck in the head with a piece of pipe by the father of a girl he was bringing home. As in the other decisions cited, the use of the automobile in that case was only incidental to the assault and the driver's resultant injury. Cf. Novak, 453 So.2d at 1119. The provocation for the assault was the relationship between the driver and the young woman and was not in any way connected with the use of the vehicle. We find the situation in the instant case very much different." [e.o.]
473 So.2d at 1243.
In light of the above, we too are unable to distinguish this case from Feltner. Nor are we able to make a meaningful distinction between this case and our decisions in Fortune Insurance Co. v. Exilus, 608 So.2d 139 *236 (Fla. 4th DCA), cause dismissed, 613 So.2d 3 (Fla. 1992), and Allstate Insurance Co. v. Famigletti, 459 So.2d 1149 (Fla. 4th 1984).
The provocation for the assault here was a long standing feud between the friend and the people in the vehicle with the dog. The assault on the insured had nothing to do with the vehicle, the use of which was only incidental to the event. While the dog may not have been initially visible to the insured, that is merely fortuitous. We note this case is similar to American States Insurance Co. v. Allstate Insurance Co., 484 So.2d 1363 (Fla. 5th DCA 1986), in which the intended purpose for the use of the vehicle was to go to the store, and the dog was just along for the ride. Hence while the incident may have occurred in the vehicle, it did not arise out of the use of the vehicle, and there was an insufficient nexus for PIP coverage.
We also distinguish one dog bite, vehicle insurance case. In National Indemnity Co. v. Corbo, 248 So.2d 238 (Fla. 3d DCA 1971), the sole purpose for the use of the vehicle was to transport the dog which bit the passenger. In deciding that the incident arose from the use of the vehicle, the court stated that the term "use" denotes the employment of the vehicle for some purpose and extends to any activity involved in the utilization of the covered vehicle.
REVERSED.
WARNER and KLEIN, JJ., concur.