KLEIN, Judge.
Plaintiff appeals a final declaratory judgment determining that his PIP coverage does not apply to injuries arising out of his physical contact with another person’s vehicle. We reverse.
In December 1991, plaintiffs neighbor, after purchasing a Christmas tree and placing it in the back of his Dodge Ram Charger, backed the vehicle onto the swale in front of his home, perpendicular to the sidewalk, and parked it. He raised the rear door, which was hinged at the top, so that it remained in the open position and extended out over the sidewalk parallel with the ground. He then went into his garage to get his gloves. Plaintiff was walking on the sidewalk, had his attention distracted, and struck his forehead on the rear door of the neighbor’s vehicle, requiring stitches. After his insurer denied PIP benefits, plaintiff filed this lawsuit, and the trial court determined that PIP benefits were not available under these stipulated facts.
The relevant portions of the PIP statute are sections 627.736(1) and 627.736(4)(d), Fla. Stat. (1991):
(1) REQUIRED BENEFITS. — Every insurance policy complying with the security requirements of s. 627.733 shall provide personal injury protection to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle, subject to the provisions of- subsection (2) and paragraph (4)(d), to a limit of $10,000 for loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle as follows (emphasis added):
⅝ * ⅜ * * *
(4)(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
1. Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occupant of a self-propelled vehicle if the injury is caused by physical contact with a motor vehicle (emphasis added).
Since this injury was unquestionably caused by “physical contact with a motor vehicle”, the only issue is whether it arises out of the “use” of a motor vehicle, a term which is to be construed liberally in PIP cases. Fortune Ins. Co. v. Exilus, 608 So.2d 139, 140-41 (Fla. 4th DCA 1992), review dismissed, 613 So.2d 3 (Fla.1992), citing, Government Employees Ins. Co. v. Novak, 453 So.2d 1116 (Fla.1984)).
While the meaning of “use” has been the subject of much litigation, the difficult eases involve injuries where the vehicle is “no more than the situs of injuries caused by accidents or intentional acts bearing no cause or relationship to its nature as a vehicle.... ” Reynolds v. Allstate Insurance Company, 400 So.2d 496, 497 (Fla. 5th DCA 1981). See also Exilus and cases cited therein.
We have no difficulty concluding that this accident arose out of the “use” of the motor vehicle, since it resulted from the door of the vehicle being left open so that the vehicle could be unloaded.
In Hernandez v. Protective Casualty Insurance Co., 473 So.2d 1241, 1243 (Fla.1985) our supreme court concluded that there was PIP coverage where the insured was injured *18 by the police, pursuant to an arrest after a stop for a traffic violation, stating:
We agree with the view that “both ingress and egress from an insured motor vehicle is an integral part of the use of such a motor vehicle and any injuries sustained as a result thereof must be considered as arising out of the use of such vehicle. Such an injury originates from is incident to, and has some connection with the use of the insured motor vehicle.... ” Padron v. Long Island Insurance Co., 356 So.2d 1337, 1339 (Fla. 3d DCA 1978) (citation omitted). The fact that petitioner here was injured while being assisted by the police in exiting his vehicle does not change that result. There remains in this case a sufficient nexus between petitioner’s injury and the use of his automobile to permit recovery.
Insurer argues that this accident did not arise out of the use of the vehicle, characterizing the accident as resulting entirely from plaintiffs walking into the vehicle. We disagree. Had the vehicle been properly and legally parked with its doors closed, insured’s argument would be more persuasive. Here, however, the vehicle was not only in use by virtue of its rear door having been left open so that the cargo could be unloaded, but in addition, the rear door extended out and over the sidewalk posing an obstacle to pedestrians and setting the stage for a foreseeable accident.
We reverse and direct that a judgment be entered declaring that there is coverage.
PARIENTE, J., and GROSS, ROBERT M., Associate Judge, concur.