707 So.2d 1178 (1998)
ATLANTA CASUALTY COMPANY, Petitioner,
v.
Karl BLISH, Respondent.
No. 97-3189.
District Court of Appeal of Florida, Fifth District.
March 20, 1998.
Rehearing Denied April 7, 1998.
Wendy D. Jensen of Rogers, Dowling, Fleming & Coleman, P.A., Orlando, for Petitioner.
Craig M. Rappel, of Cianfrogna, Telfer, Reda, Faherty & Anderson, P.A., Titusville, for Respondent.
HARRIS, Judge.
Because we conclude that the court below applied the incorrect law, we grant certiorari, quash the circuit appellate decision, and reinstate the decision of the county court.
*1179 Karl Blish was changing his tire when he was attacked by an unknown assailant and robbed. After the assailant departed, Blish finished changing his tire and returned home without reporting the incident to the police. He later sued his insurance carrier claiming PIP benefits because his injuries arose from "the maintenance or use of his vehicle." The county court granted summary judgment in favor of the insurer. The circuit appellate panel, by a 2 to 1 majority, reversed holding that under Government Employees Ins. Co. v. Novak, 453 So.2d 1116 (Fla.1984), and State Farm Mut. Auto. Ins. Co. v. Barth, 579 So.2d 154 (Fla. 5th DCA 1991), Blish's injuries did result from the maintenance or use of his vehicle. The concurring opinion concluded that reversal of the county judge was required because of Hernandez v. Protective Casualty Ins. Co., 473 So.2d 1241 (Fla.1985).
The lower court erred in failing to apply Allstate Ins. Co. v. Furo, 588 So.2d 61, 62 (Fla. 5th DCA 1991), which is controlling. In Furo, we recognized the principle that "it is not enough that an automobile be the physical situs of an injury or that the injury occurs incidentally to the use of the automobile, but that there must be a causal connection or relation between the two for liability to exist." We then distinguished Novak and Barth as follows:
In Government Employees Insurance Co. v. Novak, 453 So.2d 1116 (Fla.1984), the supreme court, distinguishing Reynolds [v. Allstate Insurance Co., 400 So.2d 496 (Fla. 5th DCA 1981)], permitted recovery when the driver refused her assailant a lift, was shot and pulled out of her car and the vehicle driven off by the assailant. The court held that:
Obtaining a ride in or possession of the motor vehicle was what motivated the deranged Endicott to approach and attack the deceased.
Novak, at 119.
In State Farm Mutual Automobile Insurance Co. v. Barth, 579 So.2d 154 (Fla. 5th DCA 1991), we found coverage in a situation in which the assailant, sitting in the car with the driver, ordered her to drive off. Her refusal resulted in a severe beating.
But no case yet has found a sufficient nexus between the use of the vehicle and the injury when it has not been shown that the assailant either desired possession (Novak) or use (Barth) of the victim's automobile. In both Novak and Barth the possession or use of the vehicle was the focus of the encounter and the motivation for the attack.
In our case, there is nothing in the record to suggest that the assailant wanted anything other than the victim's money. No effort was made to possess or use the automobile. The fact that the victim was changing his tire when he was robbed does not make the robbery "arise from the maintenance or use" of his vehicle.
In Hernandez, the insured was injured when the police used excessive force in arresting him for a traffic violation. The supreme court acknowledged that there had to be a connection between the use of the vehicle and the injury in order for the insurance policy to apply but found the connection because the driver's improper operation of the vehicle caused the police to pull him over in the first place. In our case, there is no suggestion that the assailant robbed Blish because he was changing his tire. The record suggests that Blish was robbed merely because he was there.
CERTIORARI granted, circuit court opinion quashed, and judgment of county court reinstated.
W. SHARP and THOMPSON, JJ., concur.