W. SHARP, Judge,
dissenting.
I respectfully dissent. This area of the law is hopelessly confused, contradictory and badly in need of clarification. I defy anyone to logically explain why there was coverage in the Novak[1] case, but not in the Reynolds[2] case.
The issue in this case is whether Jun (the insured) is entitled to personal injury protection benefits under her insurance policy issued by Allstate Insurance Company. Allstate takes the position that the injuries Jun sustained did not “arise out of the use of’ her insured motor vehicle. Pursuant to section 627.736, insurance companies operating in Florida must provide coverage for “loss sustained by any such person [ie., the insured] as a result of bodily injury ... arising out of the ownership, maintenance, or use of a mo-' tor vehicle ...” The ultimate question boils down to whether the injures Jun suffered after being assaulted and shot while she was occupying her insured car constitute injuries arising out of her “use” of her car?
As Judge Cowart wrote in his dissenting opinion in State Farm Mutual Automobile Insurance Company v. Barth, 579 So.2d 154 (Fla. 5th DCA 1991), it is a very poor rule of law that makes coverage turn in these cases on the subjective motivation or intent of the assailants. Barth, 579 So.2d at 156. For example in this case, we do not know what Jun’s assailants intentions actually were. Clearly it was to rob her of the money she placed in the trunk of her car, but it is not clear on this record that they also intended to or tried to steal the ear itself. However, Jun testified she subjectively was in fear that the assailant was trying to take her car, as well as the money. So, in point of fact, this case relies, at least in part, on the victim’s subjective fear that her car was going to be stolen, rather than the assailant’s assumed subjective intent.
It is a shaky rule of law that posits insurance coverage on such intangibles. If one follows the principles articulated in Fortune Insurance Company v. Exilus, 608 So.2d 139 (Fla. 4th DCA), cause dismissed, 613 So.2d 3 (Fla.1992), Barth, and Reynolds, had the assailants in this case simply grabbed the money from the trunk of the car, after breaking out the window and shooting Jun, there would be no coverage. This court no doubt would have applied the rule evolved from those cases that a criminal assault on and shooting of the driver in an insured ear, without proof the assailants wanted use of or possession of the car, amounts to no coverage because any injuries they caused did not arise out of the use of the car. Yet, what real difference does it make that the assailant wanted to take possession of the victim’s car?
The answer, I realize, is the now too oft repeated and, I think, too narrow an interpretation of Novak — that for there to be sufficient nexus between use of the insured vehicle and the injuries received from a criminal assault, the assailant must desire possession of or use of the victim’s car. Novak found that a sufficient nexus to support coverage arose out of those facts, but I do not think it limited coverage solely to those facts. Indeed, Novak stressed that coverage should be liberally interpreted in such cases and causation in the sense of' proximate cause need not be established.
*419 In Hernandez v. Protective Casualty Insurance Company, 473 So.2d 1241 (Fla.1985), decided by the Florida Supreme Court one year after Novak, coverage was found when a motorist was stopped by a police officer for a traffic violation. His injuries resulted after the stop was completed and he was forcibly removed by the officers from his insured car. The court said these facts created a sufficient nexus in that case between use of the car and the injuries to permit coverage. Yet there was no assailant seeking possession or use of the car.
I think coverage pursuant to section 627.736 exists in this ease because the insured’s injuries arose out of her use of her insured car; ie., she was trapped in her ear while driving it by assailants driving another ear, and was shot while occupying it after it was stopped. Cf. Fortune Insurance Co. v. Ferreiro, 458 So.2d 834 (Fla. 3d DCA 1984) (insured’s gunshot wound was the result of “an accident arising out of the use,- maintenance or operation of a motor vehicle” for purposes of uninsured motorists coverage; insured was a passenger in a truck and was shot while driver of another vehicle tried to force the truck off the road). More guidance on this question is needed either from our supreme court or the Legislature.

. Government Employees Insurance Company v. Novak, 453 So.2d 1116 (Fla.1984).

. Reynolds v. Allstate Insurance Company, 400 So.2d 496 (Fla. 5th DCA 1981).