ORFINGER, J.
The Grove at Harbor Hills Homeowners Association (“The Grove”) and Harbor Hills Homeowners Association (“Harbor Hills”) are the homeowners associations of two adjacent subdivisions. Harbor Hills Development, L.P. (the “Developer”) developed both subdivisions and established both associations. The Grove owns Grove Heights Road, and its gate, guardhouse *612 and related property (collectively, the “Gate”), subject to an easement for ingress and egress in favor of the residents of Harbor Hills. The maintenance of, and costs associated with, the Gate are the subject of a joint use agreement (the “Agreement”) entered into between The Grove, Harbor Hills and the Developer. That Agreement has been the source of friction between the two associations, leading to the present litigation. Following trial, the court entered a well-reasoned final judgment, concluding that the Agreement was valid and not terminable at will, Harbor Hills was entitled to damages for costs related to the maintenance of the Gate, and Harbor Hills had the right to control and maintain the Gate. The Grove now appeals. We affirm in all respects, except as to the issue of “control” of the Gate.
The Agreement contains several provisions relevant to our analysis of the issue of control of the Gate. Specifically, the Agreement provides, in relevant part:
2. The Grove and Harbor Hills shall share in the use, maintenance, repair, upkeep, and taxes of the portion of the road known as Grove Heights....
[[Image here]]
4. The Grove and Harbor Hills shall share in the expenses of maintaining, replacing, insuring, upkeep, and taxes of that portion of the road referenced above, the gatehouse, and all other appurtenances located thereon, including any curbing, guttering, sidewalks, or other common areas adjacent to said road. Each party shall also share the expense of obtaining and employing any staff to man the gatehouse and/or operate the gate and any other costs associated with controlled access....
[[Image here]]
8. The above described road, gatehouse, gate, and common property adjacent thereto shall be maintained primarily by Harbor Hills....
Collectively, these provisions led the trial court to conclude, at Harbor Hills’s urging, that Harbor Hills alone had “control” of and maintenance responsibilities relating to the Gate. It is on that issue alone that we disagree with the trial court’s thoughtful judgment.
The Agreement does not speak to control of the Gate nor does it define the terms “control” or “maintenance.” Nonetheless, the trial court implicitly concluded that control and maintenance are synonymous. We disagree. Unless ambiguous, contract language must be given its plain meaning. Langford, v. Paravant, Inc., 912 So.2d 359, 360 (Fla. 5th DCA 2005). When interpreting contracts, we may consult references commonly relied upon to supply the accepted meaning of words. See Garcia v. Fed. Ins. Co., 969 So.2d 288, 292 (Fla.2007); Gov’t Amps. Ins. Co. v. Novak, 453 So.2d 1116, 1118 (Fla.1984); Beans v. Chohonis, 740 So.2d 65, 67 (Fla. 3d DCA 1999) (“One looks to the dictionary for the plain and ordinary meaning of words.”). It is clear from the authorities we have reviewed that the plain meaning of the word “maintain” is to keep something in its existing state by making repairs or correcting problems or to preserve it from failure or decline. See, e.g., Black’s Law Dictionary 1039 (9th ed.2009); Mernam-Webster’s Collegiate Dictionary 749 (11th ed.2012). By contrast, the word “control” means to have power over something, to direct the actions or function of something in a certain way, or to exercise restraining or directing influence over something. See, e.g., Black’s Law Dictionary 378 (9th ed.2009); Merriam-Webster’s Collegiate Dictionary 272 (11th ed.2012). From these definitions, we conclude, as did the trial court, that the Agreement expressly gives Har *613 bor Hills primary responsibility for the maintenance of the Gate. However, ultimate control of the Gate, including staffing decisions, remains with its owner, The Grove, subject to the easement rights reserved to the residents of Harbor Hills.
We remand this matter so that the trial court may amend its final judgment consistent with this opinion. In all other respects, we affirm the final judgment.
AFFIRMED in part; REVERSED in part; REMANDED.
BERGER and WALLIS, JJ., concur.