588 So.2d 61 (1991)
ALLSTATE INSURANCE COMPANY, Appellee,
v.
Harold FURO, Appellant.
No. 90-2646.
District Court of Appeal of Florida, Fifth District.
October 31, 1991.
*62 Chris Ballentine of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellant.
No Appearance for appellee.
HARRIS, Judge.
Michelle Pagel had been romantically involved with, but became estranged from, Jack York. York, not willing to accept Pagel's decision, threatened almost daily to kill her. He made several attempts  choking her in her house and in a parked car, ramming her vehicle with his, and shooting at her. He followed her vehicle on other occasions. Finally, he saw Pagel driving her vehicle past his residence and shot through her vehicle window, missing her, but hitting her stepfather, Harold Furo.
Furo sued Allstate Insurance Company claiming personal injury protection benefits because his injury resulted from the "use of the motor vehicle." The trial court agreed and entered judgment in favor of Furo. We reverse.
This case is controlled in this district by Reynolds v. Allstate Insurance Company, 400 So.2d 496, 497 (Fla. 5th DCA 1981):
In Stonewall [Stonewall Insurance Company v. Walfe, 372 So.2d 1147 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 762 (Fla. 1980)] it is noted that the court in Appleton [General Accident Fire and Life Assurance Corp., Ltd. v. Appleton, 355 So.2d 1261 (Fla. 4th DCA), cert. denied, 361 So.2d 830 (Fla. 1978)] concluded "that it is not enough that an automobile be the physical situs of an injury or that the injury occurs incidentally to the use of an automobile, but that there must be a causal connection or relation between the two for liability to exist."
In Reynolds the occupant of the vehicle was injured by an assailant hiding within the vehicle but there was no indication that the assailant desired either the use or possession of the vehicle. Liability was denied.
In Government Employees Insurance Co. v. Novak, 453 So.2d 1116 (Fla. 1984), the supreme court, distinguishing Reynolds, permitted recovery when the driver refused her assailant a lift, was shot and pulled out of her car and the vehicle driven off by the assailant. The court held that:
Obtaining a ride in or possession of the motor vehicle was what motivated the deranged Endicott to approach and attack the deceased.
Novak at 1119.
In State Farm Mutual Automobile Insurance Company v. Barth, 579 So.2d 154 (Fla. 5th DCA 1991) we found coverage in a situation in which the assailant, sitting in the car with the driver, ordered her to drive off. Her refusal resulted in a severe beating.
But no case yet has found a sufficient nexus between the use of the vehicle and the injury when it has not been shown that the assailant either desired possession (Novak) or use (Barth) of the victim's automobile. In both Novak and Barth the possession or use of the vehicle was the focus of the encounter and the motivation for the attack.
In the present case, York wanted to do injury to Pagel  any place, any time. When she drove by his residence, she presented an opportunity he could not resist. He shot at her and hit Furo, not because they were in the vehicle, but because they were in the vicinity. The vehicle was merely the situs of the injury and not the cause of it.
REVERSED.
COBB and GRIFFIN, JJ., concur.