ANTOON, Judge.
Allstate Insurance Company (Allstate) appeals the summary final judgment entered by the trial court in favor of Ye Jin Jun (Jun) on her claim for personal injury protection (PIP) benefits. The trial court ruled that Jun was entitled to receive PIP benefits because her injuries arose out of the use of her car. We. must reverse the summary judgment because a genuine issue of material fact exists as to whether Jun’s injuries arose out of the use of her car.
Jun filed suit against Allstate seeking a declaration that she was entitled to receive PIP benefits for injuries incurred during a robbery which took place in her car. Specifically, the complaint averred that, after Jun closed and locked her convenience store for the evening at 10:00 p.m., she arrived at her car and placed a bag containing approximately $4,000 in cash and negotiable food stamps in the trunk. During her drive home, a white car pulled in front of her car and stopped as Jun approached an intersection, thereby blocking her path. One of the occupants of the white car jumped out, came to Jun’s door, and repeatedly fired shots into the car, shattering the window and injuring Jun’s foot and ankle.
After firing the shots, the assailant demanded, “Give me the money.” When Jun told the assailant that the money was in the trunk, he told her to give him the keys. He then reached into the car and attempted to remove the keys from the ignition. However, the ignition had a safety lock which prevented the assailant from taking the keys. Jun meanwhile opened the trunk from the inside of her car by pressing the trunk release button. Once the trunk opened, the assailant went to the rear of the car and removed the bag with the money.
At this point, the record evidence describing the incident varies. According to Jun, the assailant then returned to the driver’s side of her car and again demanded the keys, leading her to fear that he was going to take her car and leave her stranded. However, Allstate presented the deposition testimony of an eye witness who stated that he heard the sound of gunshots and then saw two men at the driver’s side of Jun’s car. One of the men went to the trunk of Jun’s car and, after grabbing the bag of money, both men returned to their car and fled. When asked whether the men attempted to take Jun’s car, the witness answered, “No.”
Pursuant to section 627.736(1), Florida Statutes (1996), “[ejvery insurance policy ... shall provide personal injury protection to the named insured ... for loss sustained by any such person as a result of bodily injury ... arising out of the ownership, maintenance, or use of a motor vehicle.... ” Relying on Reynolds v. Allstate Insurance Co., 400 So.2d 496 (Fla. 5th DCA 1981), Allstate contended that although Jun’s car was the physical situs of the shooting, her injuries did not arise out of the use of her car. In Reynolds, we held that “ ‘it is not enough that an automobile be the physical situs of an injury or that the injury occur incidentally to the use of an automobile, but that there must be a causal connection or relation between the two for liability to exist.’ ” Id. at 497 (quoting Stonewall Insurance Co. v. Wolfe, 372 So.2d 1147, 1148 (Fla. *417 4th DCA 1979), cert. denied, 385 So.2d 762 (Fla.1980)).
However, Jun argues that the record evidence, when considered in light of Government Employees Insurance Co. v. Novak, 453 So.2d 1116 (Fla.1984), established that her injuries did arise out of the use of her ear. In Novak, an assailant shot and killed the driver when the driver refused to give the assailant a ride and then removed the driver from the vehicle and drove off in the vehicle. Id. In concluding that PIP coverage was available, the supreme court approved Reynolds, but explained:
‘[A]rising out of does not mean ‘proximately caused by,’ but has a much broader meaning. All that is required is some nexus between the motor vehicle and the injury. It is clear that in the present case, as the district court correctly concluded, there was a highly substantial connection between Ms. Novak’s use of the motor vehicle and the event causing her fatal injury. Obtaining a ride in or possession of the motor vehicle was what motivated the deranged [stranger] to approach and attack the deceased.
Id. at 1119 (Citations omitted). Thus, pursuant to Novak, it is not necessary for an insured to establish that the motor vehicle was the instrumentality of the injury, but it is essential that there be some connection between the use of the vehicle and the infliction of the insured’s injury. Id. Applying this analysis, the Novak court concluded that the connection between the driver’s use of the vehicle and the driver’s injuries was the assailant’s desire to obtain or ■ to use, the driver’s vehicle. Id.
Jun contends that, in this case, her assailant’s desire to obtain the money which she was transporting in the trunk of her car constituted a sufficient connection between her use of the ear and her injury. As authority for this proposition, she cited to Pena v. Allstate Insurance Co., 463 So.2d 1256 (Fla. 3d DCA), rev. denied, 476 So.2d 672 (Fla.1985). In that case, Pena, a taxi cab driver, was injured during the course of a robbery when an assailant pulled a gun and demanded money after entering Pena’s cab. Id. at 1257. Pena resisted the robbery and was injured either by the barrel of the assailant’s gun or a discharged bullet. He was ordered out of the cab by the assailant who then fled in the cab. Id. While the majority in Pena did place significance on the fact that the motor vehicle involved was a taxi cab and thus more likely to be carrying cash, the court placed even more emphasis on the facts of the assault, writing: “More importantly, the vehicle itself became an instrumentality in the robbery when it was used not only to take [Pena] and the robber to the scene of the crime, but also as a means of escape for the robber after the commission of the crime.” Id. at 1258. Thus, in Pena, the third district concluded that PIP benefits were recoverable because the evidence demonstrated that the assailant was motivated by the desire to obtain both the use and the possession of the cab. Id.
Since Novak, our court has decided two cases in which PIP benefits were sought to compensate drivers for injuries sustained dining assaults which took place in their motor vehicles. In State Farm Mutual Auto. Insurance Co. v. Barth, 579 So.2d 154, 155 (Fla. 5th DCA 1991), an assailant entered a car which was parked outside a shopping center. When the driver returned to the ear, the assailant demanded that she begin driving. When she refused, he beat her. Id. The driver struggled free and fell out of the car, and the assailant then fled in a different vehicle. Id. We ruled that PIP coverage was available because the driver’s injuries arose out of her resistance to the assailant’s efforts to obtain the use of her vehicle. Id. at 156.
In Allstate Insurance Co. v. Furo, 588 So.2d 61, 62 (Fla. 5th DCA 1991), the assailant was the estranged boyfriend of the driver. When the assailant spotted the driver passing by his residence, he fired a shot into her ear and struck her father, who was a passenger in the car. Id. We ruled that the passenger was not entitled to receive PIP benefits because his injuries did not arise out of his use of the motor vehicle. Id. Writing for the majority, Judge Harris pointed out that “[i]n both Novak and Barth, the possession or use of the vehicle was the focus of the encounter and the motivation for the attack.” Id. By contrast, the vehicle in Furo was *418 merely the physical situs of the injury. Judge Harris observed, “[N]o case has yet found a sufficient nexus between the use of the vehicle and the injury when it has not been shown that the assailant either desired possession ... or use ... of the victim’s automobile.” Furo, 588 So.2d at 62 (emphasis in original).
Upon review of the instant record, we conclude that a genuine issue of material fact exists as to whether Jun’s injuries arose out of the use of her car. In this regard, the record is unclear as to whether Jun’s assailants desired either the use or the possession of her car. Accordingly, we must reverse the trial court’s summary judgment and remand this matter for further proceedings.
REVERSED and REMANDED.
COBB, J., concurs.
W. SHARP, J., dissents with opinion.